LEVY, DAVID L., Associate Judge.
After approximately 37 years of marriage, the parties obtained a dissolution of their marriage after a rather lengthy and somewhat bitter final hearing. The Final Judgment entered in this cause by the trial judge made extensive findings of fact regarding the history of the marriage, the relevant conduct of the parties, and the obtaining and disposition of the financial resources of the parties. Thereafter, the wife initiated this appeal in which she questions three areas of the trial court’s Final Judgment.
The wife’s first contention on appeal is that the trial court erred in its division of the assets to the extent that the wife argues that the husband received a dispropor *897 tionately larger share than she did. We disagree.
Both the Final Judgment and the record in this cause reflect that the trial court diligently received and exhaustively reviewed all of the evidence presented during the long trial of this cause which lasted almost two weeks. A review of the record reveals the presence of substantial competent evidence to support the trial court’s findings concerning the allocation and distribution of the assets of the parties. We find that the determination of the trial court concerning the amount of lump sum alimony to be awarded to the wife, being supported by the record, must not be disturbed and is, therefore, affirmed by this court.
The next point raised by the wife is her contention that the trial court was in error when it ordered her to repay the temporary alimony paid to her by the husband pending the appeal. Unfortunately for the wife, she did not raise this point before this court in a timely manner. Therefore, any objection that she might have had to the order requiring the repayment of the temporary alimony has been waived. We find that this question is not properly before us, and this court lacks the jurisdiction to decide that issue.
The last point raised by the appellant concerns the payment of the wife’s attorney’s fees. The Final Judgment requires the husband to pay $15,000 to the wife to assist her in the payment of her attorney’s fees and costs. This payment was to be in addition to the $15,000 that the husband had previously paid to the wife towards the wife’s attorney’s fees. The Final Judgment does not, however, make a specific finding or determination as to what amount constitutes a reasonable attorney’s fee for the wife.
Accordingly, we find that it is necessary to remand this case back to the trial court so that a determination can be made as to what a reasonable attorney’s fee would be for the wife’s attorney. This court finds that, once that determination is made, the husband should be responsible for all of his wife’s reasonable attorney’s fees and costs. Naturally, the husband should be given credit for any amounts already paid towards the wife’s attorney’s fees.
AFFIRMED IN PART and REVERSED IN PART.
HERSEY, C.J., and DOWNEY, J., concur.