632 So.2d 720 (1994)
Terry J. WOOD, Appellant,
v.
Donna F. WOOD, Appellee.
No. 93-646.
District Court of Appeal of Florida, First District.
March 7, 1994.
*721 John R. Nettles, Gainesville, for appellant.
S. Scott Walker, Watson, Folds, Steadham, Christmann, Brashear, Tovkach & Walker, P.A., Gainesville, for appellee.
PER CURIAM.
This case is before us on appeal from the trial court's final judgment of dissolution of marriage. Former husband Terry J. Wood raises three issues: (1) whether the trial court erred in determining the amount of his child support obligation; (2) whether the trial court erred in ordering him responsible for most the marital debts; and (3) whether the trial court erred in ordering him to reimburse the State for amounts of Aid to Families with Dependent Children (AFDC) support paid. We find no merit in the former husband's second and third issues, and affirm without further discussion. We do find merit as to the first issue, requiring us to reverse and remand.
The determination of child support is within the sound discretion of the trial court, subject to the statutory guidelines and the test of reasonableness. Scapin v. Scapin, 547 So.2d 1012, 1013 (Fla. 1st DCA 1989). Before the court may impose financial obligations upon a spouse, it must determine that he or she has the ability to pay the obligations imposed. Id. at 1013. Further, any departure from the child support guidelines or any attempt to impute income must be supported by appropriate findings, as specifically required by section 61.30, Fla. Stat. (1991). Neal v. Meek, 591 So.2d 1044 (Fla. 1st DCA 1991).
Here, the trial court ordered former husband to pay child support in an amount higher than what the evidence indicated he earned. Specifically, the former husband was ordered to pay an amount totaling $1,584 per month, while the evidence indicated his net income was only $1,408 per month. The trial court never determined whether the former husband had the ability to pay this amount. Nor did the trial court make any findings as required by section 61.30, Florida Statutes, for departing from the guidelines amount or for imputing income to the former husband. As a result, the trial court's order is legally insufficient to support the award of child support. See, e.g., Edwards v. Sanders, 622 So.2d 587 (Fla. 1st DCA 1993). We reverse the trial court's order as to the amount of child support and remand for further proceedings consistent to this opinion. All other aspects of the trial court's order are affirmed.
BOOTH, MICKLE and LAWRENCE, JJ., concur.