636 So.2d 164 (1994)
Charles Preston MOSS, Appellant,
v.
Kimberly Lynn MOSS, Appellee.
No. 92-2274.
District Court of Appeal of Florida, Fourth District.
April 27, 1994.
Rehearing/Clarification Denied May 27, 1994.
*165 Steven Goerke of Steven Goerke, P.A., Boca Raton, for appellant.
Frank B. Kessler, Lake Worth, for appellee.
PER CURIAM.
The former husband, Charles Preston Moss, appeals those portions of a final judgment of dissolution of marriage awarding the former wife a two acre parcel of land as lump sum alimony and awarding the former wife child support. We affirm the award of lump sum alimony to the former wife. We reverse the trial court's award of child support requiring the former husband to pay $1,336.51 per month out of his $1,720.00 net imputed income as child support.
We initially find the trial court erred when it imputed a net income to the former husband without first imputing a gross income. See § 61.30(2)(a), Fla. Stat. (1991). Although the trial court correctly utilized the imputed net income to calculate the minimum child support need under the guidelines, the trial court should have derived the imputed net income only after taking the allowable deductions from an imputed gross income figure as provided in section 61.30(3), Florida Statutes (1991).
We also find error in the trial court's award of child support without consideration of the former husband's ability to pay. In calculating the award of child support to the former wife as the custodial parent, the trial court applied the guidelines provided in section 61.30 and concluded that the husband shall bear sixty-one percent of the combined $1,159.00 monthly recommended minimum child support and $1,032.00 monthly day care costs for the parties' three children. See § 61.30(8), Fla. Stat. (1991). We recognize the trial court must consider the financial needs of the children when calculating child support; however, the trial court has the discretion to deviate from the statutory guidelines after considering a parent's overall financial circumstances and impose an obligation upon a parent within his ability to pay. See Huff v. Huff, 556 So.2d 537 (Fla. 4th DCA 1990); Todesco v. Todesco, 583 So.2d 774 (Fla. 4th DCA 1991). In this instance, the trial court abused its discretion by requiring the husband to contribute an excessive portion of his income to satisfy the child support obligation, leaving him only $380 per month on which to live.
We note the legislature has recently enacted section 61.30(11)(j), Florida Statutes (1993), which affords the trial court the added discretion to adjust a parent's share of the statutorily recommended minimum child support award where the guidelines require a parent to pay more than fifty-five percent of his gross income as his child support obligation. We direct the trial court on remand to apply section 61.30(11)(j) and any other relevant amendments to the child support guidelines provided in section 61.30, Florida Statutes (1993), which took effect on July 1, 1993. See Pelton v. Pelton, 617 So.2d 714 *166 (Fla. 1st DCA 1992); Reed v. Reed, 597 So.2d 936 (Fla. 1st DCA 1992).
Accordingly, we affirm the award of lump sum alimony and reverse that part of the final judgment of dissolution of marriage pertaining to child support payments and remand for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DELL, C.J., and GLICKSTEIN and GUNTHER, JJ., concur.