636 So.2d 867 (1994)
Taylor R. JONES, Appellant,
v.
Sharon L. JONES, Appellee.
No. 93-1230.
District Court of Appeal of Florida, Fourth District.
May 11, 1994.
Taylor R. Jones, pro se appellant.
Frank G. Cibula, Jr. of Law Office of Frank G. Cibula, Jr., West Palm Beach, for appellee.
PARIENTE, Judge.
The former husband appeals an order modifying child support after an evidentiary hearing on his petition for modification. The trial court reduced the child support from the amount set forth in the parties' original settlement agreement. However, the former husband complains that even the reduced amount of child support still exceeds the statutory guidelines and that a further downward modification is warranted based on his substantial reduction in income.
The evidentiary record may support the trial court's decision on the amount of modification. However, the trial court's written order and oral pronouncements are devoid of specific findings as to the parties' income, the basis for the modified support amount and the justification for departure necessary to facilitate meaningful appellate review. Without a finding as to the parties' income, we are unable to determine whether the awarded support departed from the guidelines. Assuming the trial court departed from the guidelines, we are further unable to determine if departure was justified. We, therefore, reverse and remand to the trial court to make specific findings on the net income of each party upon which it predicates the modified child support, including any imputed income and, if departing from the guidelines, to state the reasons for the departure.
In 1989, the parties entered into a property settlement agreement which required the husband to pay the wife $800 child support for three minor children. The parties further agreed that "the Florida child support guidelines shall be used to review the amount of the husband's support obligation in the *868 event there is a substantial change in the parties' or the children's circumstances." The husband subsequently filed a petition for modification requesting primary residential custody of the children and a modification of his child support obligation based on allegations that his income diminished substantially. Following an evidentiary hearing, the court determined that the reduction from $800 to $650 in child support was justified. The trial court apparently found a substantial change of circumstances because it reduced the amount of the monthly child support by $150 per month. The record provides support for a finding of substantial change of circumstances based on a decrease in the husband's income by more than half since the entry of the final judgment. The former wife did not cross appeal the reduction in child support. The problem we have is in evaluating the propriety of the amount of the reduction.
The trial court heard testimony that the former husband's income, as an insurance agent, had declined from $38,000 per year to approximately $16,000 per year; that the husband's gross monthly income was $1,300 and his net income was no more than approximately $900 per month. The wife's net income as a property caretaker was approximately $800 per month. If the child support guidelines were utilized, the husband's share of the minimum guidelines support payments of $899 would be 52%, or approximately $470. Based on these income amounts, the $650 support ordered is substantially in excess of the guidelines and requires a written order or specific record findings justifying departure. § 61.30(1)(a), Fla. Stat. (1992). We reject the wife's contention that the child support guidelines are inapplicable to modification proceedings. Whether the 1991, 1992 or 1993 version of section 61.30(1)(a) is utilized, the child support guidelines apply to modification proceedings.[1] Section 61.30(1)(a) states:
The child support guideline amount as determined by this section presumptively establishes the amount the trier of fact shall order as child support in an initial proceeding for such support or in a proceeding for modification of an existing order for such support, whether the proceeding arises under this or another chapter.
Without the benefit of explicit findings on net income attributable to the husband and the wife, we are unable to determine if the amount of modified support is within the guidelines or substantially exceeds the guidelines. It may be that the trial court imputed additional income to the former husband, but factual findings as to the probable and potential earnings level, source of imputed and actual income and adjustments to income must also be set forth. See § 61.30(b); Wood v. Wood, 632 So.2d 720 (Fla. 1st DCA 1994); Levine v. Best, 595 So.2d 278 (Fla. 3d DCA 1992); Neal v. Meek, 591 So.2d 1044 (Fla. 1st DCA 1991); Seilkop v. Seilkop, 575 So.2d 269 (Fla. 3d DCA 1991). This requirement is equally important in modification proceedings as in the initial proceeding, especially where the amount of each parties' income was never established at the time of the original dissolution as in this case. Such findings assist the appellate court in determining whether the statutory support guidelines were properly applied, in evaluating the propriety of the modified child support amount and in assessing the propriety of any subsequent modifications.
If we assume the trial court did not impute any additional income to the husband, then the modified amount of the child support substantially exceeds the guidelines. In this event, the trial court's order is deficient for failing to provide "a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate." § 61.30(1)(a), Fla. Stat. (1992). Wood; Pitts v. Pitts, 626 So.2d 278 (Fla. 1st DCA 1993); Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992); Touchstone v. Touchstone, 579 So.2d 826 (Fla. 1st DCA 1992); Neal.
*869 The trial court noted that the husband and his second wife had purchased an expensive piano, but additionally noted that the second wife's funds had been utilized to make the purchase. Evidence in the record also indicates that the husband's expenditures and bank deposits exceeded his stated income and that his life style is at odds with his reported income. The husband explained that his mother had loaned him money, but no documents evidenced a loan. Without explicit findings, we are left to speculate as to the trial court's reasons for departing from the guidelines.
While we give full weight to the exercise of the trial court's sound discretion, the only way to evaluate its discretion is for the trial court to make explicit findings either on the record or by written order. The child support statute mandates this and meaningful appellate review requires it.
We affirm all other portions of the trial court's order attacked by the former husband, including the court's refusal to decrease the child support retroactively, failure to award the tax dependency exemption to the former husband and the date the trial court set for payment of child support.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WARNER and POLEN, JJ., concur.
NOTES
[1] The change in the statute since 1991 is only whether the guidelines are to be utilized in proving a substantial change of circumstances pursuant to section 61.30(b). The statute in effect at the time of the modification proceeding specified that "the guidelines may provide the basis for proving a substantial change of circumstances." § 61.30(b) Fla. Stat. (1992). The 1991 version required use of the guidelines in determining the amount of child support in modification proceedings, but not in proving a substantial change of circumstances.