659 So.2d 1390 (1995)
Michael KELLERMAN, Appellant,
v.
Stella Denise KELLERMAN, Appellee.
No. 94-2683.
District Court of Appeal of Florida, Third District.
September 13, 1995.
Leinoff & Silvers and Andrew M. Leinoff and Ellen Dee Silvers, for appellant.
Simon, Schindler & Sandberg and Theodore Dempster, for appellee.
Before NESBITT, GODERICH and GREEN, JJ.
PER CURIAM.
The husband appeals from a final judgment of dissolution of marriage and contends that the trial court abused its discretion by awarding the wife $300.00 per month in permanent periodic alimony. We agree.
In Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), the Florida Supreme Court explained:
Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties... . The criteria to be used in establishing this need include the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estates.
Canakaris, 382 So.2d at 1201-02.
When examining the instant case in light of Canakaris, the record below reflects that the wife is a Florida real estate sales person making an annual gross income over the past three years ranging from $29,000.00 to $40,000.00, that she is thirty-three years old and in good mental and physical health, that the parties had a short-term marriage lasting less than seven years, that the parties had a comfortable lifestyle during the course of their marriage, and lastly, that neither party has substantially more assets or liabilities than the other. Based on the foregoing, specifically, the wife's earning ability, her education, her age, her health, and the parties' short-term marriage, we find that the trial court's award of permanent periodic alimony was an abuse of discretion because the award was not necessary to provide the needs and the necessities of life to the wife as they had been established by the parties' marriage. Therefore, we reverse the trial court's award of permanent periodic alimony.
*1391 However, because the wife's earning ability may be diminished by her obligation to care for the parties' two minor children, a five-year-old and a one-year-old, we find that an award of rehabilitative alimony is appropriate. "The principle purpose of rehabilitative alimony is to establish the capacity for self-support of the receiving spouse." Canakaris, 382 So.2d at 1202. Therefore, we award the wife rehabilitative alimony in the amount of $300.00 per month until the youngest child begins kindergarten.
The husband's remaining points lack merit.
Affirmed, in part, reversed, in part, and rehabilitative alimony awarded.