665 So.2d 1110 (1996)
Joseph ALON, Appellant/Cross-Appellee,
v.
Dina ALON, Appellee/Cross-Appellant.
No. 94-3549.
District Court of Appeal of Florida, Fourth District.
January 3, 1996.
*1111 Brenda Di Ioia of Brenda Di Ioia, P.A., Fort Lauderdale, for appellant/cross-appellee.
Howard W. Poznanski, Tamarac, for appellee/cross-appellant.
PER CURIAM.
We affirm the final judgment of dissolution except for the award of child support which we reverse and remand for reconsideration.
When imputing income, the trial court must set forth factual findings concerning the probable and potential earnings level, source of imputed and actual income, and adjustments to income. Jones v. Jones, 636 So.2d 867 (Fla. 4th DCA 1994). A wife should not be penalized for the lack of full disclosure by a husband, as established in Klein v. Klein, 122 So.2d 205 (Fla. 3d DCA 1960), nor should children. At the same time, the basis for imputing income and the amount thereof must be supported by the evidence. In the instant case, the trial court began its analysis by observing that in the most recent tax return the couple posted an adjusted gross income of $26,000, which would work out to $2,166.67 a month. It found the amount to be "highly understated," and went on to find, initially, that the minimum net income of the parties was $2,900 per month. Subsequently, the trial court imputed $1,625 of net income to appellant after ultimately finding the couples' combined net income was $2,500 per month, and subtracting appellee's monthly net income of $875.
There are several problems with the trial court's analysis. First, it fails to specifically set forth the source of appellant's imputed income. The trial court obviously felt appellant had resources, but did not delineate them as the basis for imputed income. The reference to appellant's income from his brief employment at Eden Foods was used by the trial court to support its figure, but the trial court compared gross income from that job to its imputed net income figure, which is like comparing apples and oranges. Second, the trial court imputed net income for appellant without first imputing a gross income. Moss v. Moss, 636 So.2d 164 (Fla. 4th DCA 1994). The net income should have been imputed "only after taking the allowable deductions from an imputed gross income figure as provided in section 61.30(3), Florida Statutes (1991)." Id. at 165. Third, the trial court did not justify its initial finding of a minimum net income of $2,900 for the couple, and we fail to find any support for it in the record.
There are other problems with the trial court's award of child support. The trial court found the school expense to be $300 per month, rather than $200, and based its calculations on such. Also, the trial court made appellant responsible for 65% of all medical expenses not covered by insurance. This court has held that such an obligation must be limited to "those [medical expenses] which are reasonable and necessary." Black v. Black, 490 So.2d 1334, 1335 (Fla. 4th DCA 1986).
On remand, the trial court is directed to reconsider the award of child support based on the record as it presently exists and should not conduct further evidentiary hearings.
*1112 GLICKSTEIN and KLEIN, JJ., concur.
POLEN, J., concurs in part and dissents in part with opinion.
POLEN, Judge, concurring in part and dissenting in part.
I agree with most of the majority's reversal on the trial court's imputation of income to the former husband. As the majority correctly points out, the rule set forth in Jones v. Jones, 636 So.2d 867 (Fla. 4th DCA 1994), is that the trial court must make findings of fact as to sources of imputed income, gross amount imputed, and the resulting net amount after deductions are allowed. However, I disagree that the record before us would not support the trial court's initial determination of a combined net income amount of $2,900 per month including income imputed to the former husband. Assuming the trial court on remand makes the necessary findings of fact, I would hold it could then reach the same result as to imputed income. To the extent the majority opinion disallows such a result, I respectfully dissent.