679 So.2d 18 (1996)
James A. BIMONTE, Appellant/Cross-Appellee,
v.
Jeannette MARTIN-BIMONTE, Appellee/Cross-Appellant.
Nos. 94-2478, 95-2658 and 95-2659.
District Court of Appeal of Florida, Fourth District.
July 31, 1996.
Clarification and Rehearing Denied September 17, 1996.
A. Matthew Miller of Miller, Schwartz & Miller, P.A., Hollywood, for appellant/cross-appellee.
Paul A. Louis, John L. Zavertnik of Sinclair, Louis, Heath, Nussbaum & Zavetnik, P.A., Miami, for appellee/cross-appellant.
*19 SHAHOOD, Judge.
This is an appeal from a final order of dissolution. We affirm on all issues raised in the appeal and cross appeal, including both the equitable distribution scheme and the trial court's refusal to allow the former husband to recall his expert witness to "rebut" the testimony of the former wife's expert on the same issues that the former husband had already addressed in his case in chief. We do, however, remand to the trial court to make appropriate findings regarding income imputed to the former husband.
The former husband is part owner of Southeast Pay Telephone Company and Video Games International, Inc. ("VGI"), a video and vending machine company. Three witnesses, including the former husband testified as to the former husband's income. Both the former husband and VGI's accountant testified that the former husband earns approximately $80,000 annually between the two companies. The former husband's partner in VGI testified that the former husband's annual salary from the two companies is approximately $88,400.
Both of the companies operate almost entirely on a cash basis since income is generated by either pay telephones or coin operated vending machines. A highly contested issue at trial was the former wife's allegations of unreported income. The record shows that there is a discrepancy between the amount of income reported on VGI's federal tax return and that reported on its state tax return. An auditor for the state of Florida testified that VGI underreported its total receipts for state sales tax purposes resulting in approximately $150,000 in unpaid taxes. The wife's expert testified that in 1992 alone, VGI had unreported sales receipts of $153,248.
With regard to the former husband's income, the court found as follows:
Pursuant to the child support guidelines... the Court finds that the direct ($5,200 per month) and imputed ($5,000 plus per month) net income of the husband totals $10,200 per month.
* * *
Here, the husband has imputed income of unreported cash plus economic benefits which would generate a net income substantially in excess of $100,000 per year. Here, the husband's undisclosed income alone was $153,248 in 1992, $95,470 in 1991, and $89,653 in 1990.
The former husband takes issue with the trial court's findings claiming that the judgment must be reversed because it does not contain specific findings to justify the imputation of income. We agree.
When imputing additional income to a party, the trial court must set forth factual findings as to the probable and potential earnings level, source of imputed and actual income, and adjustments to income. Jones v. Jones, 636 So.2d 867, 868 (Fla. 4th DCA 1994). This court recently reversed a final judgment with similar flaws, see Alon v. Alon, 665 So.2d 1110 (Fla. 4th DCA 1996), finding as follows:
There are several problems with the trial court's analysis. First, it fails to specifically set forth the source of appellant's imputed income. The trial court obviously felt appellant had resources, but did not delineate them as the basis for imputed income. The reference to appellant's income from his brief employment at Eden Foods was used by the trial court to support its figure, but the trial court compared gross income from that job to its imputed net income figure, which is like comparing apples and oranges. Second, the trial court imputed net income for appellant without first imputing a gross income. Moss v. Moss, 636 So.2d 164 (Fla. 4th DCA 1994). The net income should have been imputed "only after taking the allowable deductions from an imputed gross income figure as provided in section 61.30(3), Florida Statutes (1991)." Id. at 165.
Id. at 1111.
It is apparent that the trial court in this case found that VGI had unreported income; therefore, the former husband necessarily had unreported personal income. The trial court's findings of fact come to this court clothed with the presumption of correctness *20 and shall not be disturbed unless there was no competent evidence to sustain them. Nelson v. Spiegel, 529 So.2d 311 (Fla. 4th DCA 1988). In this case, however, the final judgment does not include the requisite findings or any other findings to guide this court in assessing the propriety of the imputation of income to the husband. For the reasons set forth in Jones and Alon, we are compelled to reverse and remand with directions that the trial court make the requisite findings.
RAMIREZ, JUAN, JR., Associate Judge, concurs.
STONE, J., concurs specially with opinion.
STONE, Judge, concurring specially.
It appears to me that the amount of imputed income may be in excess of any net amount supportable by the record. Therefore, absent findings demonstrating imputed additional income of $5,000 per month, a new trial may be necessary. In all other respects, I concur fully with the majority opinion.