PER CURIAM.
We affirm the final judgment with respect to the change in custody. There was substantial competent evidence to support the change in primary physical residence of the minor children.
We reverse, however, as to the imputation of income to the wife. The trial court imputed an earnings level to the wife of $1,500 per month. The evidence showed that she worked in a bar owned by her husband and his mother, but the evidence also indicated that she was not paid for her services and that the bar was losing money. While the husband’s attorney argued that the trial court could impute income equivalent to the household expenses that were being paid, the evidence showed that the wife’s new husband earned income and contributed to those expenses. The new husband’s income should not be considered for purposes of imputing income to the wife. Moreover, the wife’s relatives testified that they paid some of the wife’s household expenses. Although the wife’s financial affidavit'from four years ago indicated that she earned $1,500 as a dog trainer and groomer, there was no evidence that she could earn that much currently or continued to have the skills to engage in that occupation. Thus, there was no competent evidence in the record to support the trial court’s determination. We therefore must remand this matter to the trial court to reconsider the amount of income to be imputed to the wife for purposes of establishing an award for child support.
*1122 Affirmed in part; reversed in part and remanded.
STONE, WARNER and SHAHOOD, JJ., concur.