WARNER, Judge.
When the trial court considered the husband’s petition for modification of the final judgment of dissolution, the court denied the request to reduce the child support obligation but then eliminated the alimony award. The trial court found that income should be imputed to both parties but did not determine the amount of income attributable to each party. Thus, the court must have found some substantial change in circumstance to justify the modification of at least the alimony provision, which is not contested by cross-appeal.
Our problem in reviewing the trial court’s order is the same as the one we experienced in Jones v. Jones, 636 So.2d 867 (Fla. 4th DCA 1994):
[wjithout the benefit of explicit findings on net income attributable to the husband and the wife, we are unable to determine if the amount of modified support is within the guidelines or substantially exceeds the guidelines. It may be that the trial court imputed additional income to the former husband, but factual findings as to the probable and potential earnings level, source of imputed and actual income and adjustments to income must also be set forth. This requirement is equally important in modification proceedings as in the initial proceeding, especially where the amount of each parties’ income was never established at the time of the original dissolution as in this case. Such findings assist the appellate court in determining whether the statutory support guidelines were properly applied, in evaluating the propriety of the modified child support amount and in assessing the propriety of any subsequent modifications.
Id. at 868 (citations omitted)(emphases added). The trial court obviously found that because of the income which it had imputed to both parties, a substantial change in circumstance had occurred so as to justify the elimination of alimony. Those same circumstances may have been sufficient to justify a reduction in child support. Without findings of fact as to the income level imputed to the parties, we cannot perform our function under the statutory child support guidelines.
We therefore reverse and remand for further proceedings on the petition for modification, including findings of fact as to the income imputed to both parties.
GLICKSTEIN and DELL, JJ., concur.