PER CURIAM.
This cause is before us on appeal from the trial court’s order modifying Appellee’s child support obligation to a level below the child support guidelines. This court cannot properly review this issue because the trial court failed to make specific findings in the modification order, including the children’s needs, ages, stations in life, standard of living, and the financial status and ability of each parent to pay. § 61.30, Fla. Stat. For the trial court to have awarded an amount beyond the five *138 percent leeway allowed from the presumptive guidelines amount, it was required to enter either a written finding or a specific finding on the record explaining why the guidelines amount would be unjust or inappropriate, which is also absent in this case. Id.; see, e.g., Jones v. Jones, 636 So.2d 867 (Fla. 4th DCA 1994) (partially reversing and remanding order modifying child support where trial court’s written order and oral pronouncements were devoid of specific findings regarding the parties’ income: “Without a finding as to the parties’ income, we are unable to determine whether the awarded support departed from the guidelines. Assuming the trial court departed from the guidelines, we are further unable to determine if departure was justified_”). We, therefore, reverse the modification order and remand the case for a new hearing so that the parties may, if they choose, provide further evidence, and for the trial court to make findings consistent with this opinion.
REVERSED and REMANDED.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.