710 So.2d 170 (1998)
Craig J. VANBRUSSEL, Appellant,
v.
Anne VANBRUSSEL, Appellee.
No. 97-856.
District Court of Appeal of Florida, First District.
April 22, 1998.
*171 Mark A. Bednar, Pensacola, for Appellant.
Laura E. Keene, of Beroset & Keene, Pensacola, for Appellee.
MINER, Judge.
We affirm the final judgment of dissolution in the case at bar except for the awards of child support and rehabilitative alimony, which we reverse for further proceedings.
In the final judgment, the trial court ordered the father to pay $1200 monthly for the support of the couple's three children. The court specifically noted that this award was below the statutory guideline amount and found that, in light of the husband's education, work experience, and ability, he was underemployed in his job with the state. In addition, the court noted that two weeks before the final hearing below, appellant quit the part-time employment he had previously taken to earn extra income to pay the increase in living costs occasioned by the couple's separation. The court found that the husband's termination of his part-time job diminished his capacity to pay support and that, based on the husband's current employment with the state, he had the ability to maintain both his full-time job and part-time employment if he wished to do so. The court also required the husband to pay the wife $170 per month in rehabilitative alimony to cover the costs of the wife's health insurance until such time as she becomes fully employed and obtains a group health insurance policy for herself.
In the instant case, the trial court has failed to make the findings required when departing from the child support guidelines. Reynolds v. Reynolds, 668 So.2d 245 (Fla. 1st DCA 1996); Wood v. Wood, 632 So.2d 720, 721 (Fla. 1st DCA 1994). Moreover, in making the child support award, it appears that the court imputed income to the husband. Any such imputation of income must be supported with the appropriate findings required by section 61.30, Florida Statutes. Wood, 632 So.2d at 721. See Alon v. Alon, 665 So.2d 1110 (Fla. 4th DCA 1996); Wendroff v. Wendroff, 614 So.2d 590, 595 (Fla. 1st DCA 1993)("It is error for a trial court to impute income to a supporting spouse without setting forth the amounts imputed and the sources of this income."). The *172 trial court below did not make such findings in the instant case. Thus we are obliged to reverse and remand this issue for further proceedings.
Because the final judgment below is devoid of findings to support the award of rehabilitative alimony, the award of such alimony requires reversal as to this issue, as well. Collinsworth v. Collinsworth, 624 So.2d 287 (Fla. 1st DCA 1993). Our holding on this point, however, should not be interpreted as a finding that the $170 monthly award which the trial court found to be "required to be paid by Petitioner/Wife to obtain health insurance for herself," is unreasonable. It seems to us that such an award is more in the nature of "bridge-the-gap" alimony, a form of alimony previously approved by this court as a means of aiding the recipient "in making the transition from a married to a single life." Shea v. Shea, 572 So.2d 558 (Fla. 1st DCA 1990).
On remand, the trial court is at liberty to award rehabilitative alimony in accordance with the directives articulated in Collinsworth or "bridge-the-gap" alimony for a reasonable period of time. See Blase v. Blase, 704 So.2d 741 (Fla. 4th DCA 1998); Murray v. Murray, 374 So.2d 622 (Fla. 4th DCA 1979); Iribar v. Iribar, 510 So.2d 1023 (Fla. 3rd DCA 1987); and Vick v. Vick, 675 So.2d 714 (Fla. 5th DCA 1996).
Reversed and remanded for further consistent proceedings.
MINER, J. and SHIVERS, Senior Judge, concur.
WOLF, J., specially concurring with opinion.
WOLF, Judge, specially concurring.
I concur in all respects with the wellreasoned majority opinion. I write only to point out that the facts in this case demonstrate the need for bridge-the-gap alimony, which may be awarded without the necessity of a formal rehabilitative plan. While bridge-the-gap alimony is not mentioned in section 61.08, Florida Statutes, I feel that bridge-the-gap alimony is a special type of rehabilitative alimony which should be imposed without the necessity of a rehabilitative plan when circumstances require. In Rosen v. Rosen, 696 So.2d 697, 700 (Fla. 1997), the court noted that while dissolution is primarily a statutory creature, "proceedings under Chapter 61 are in equity and governed by basic rules of fairness as opposed to the strict rule of law."
This is a short-term marriage with three children under school age. As in Kellerman v. Kellerman, 659 So.2d 1390 (Fla. 3d DCA 1995), another short-term marriage, the custodial parent clearly is in need of financial assistance until the children reach school age. Under these circumstances, the requirement of what would surely amount to a speculative rehabilitative plan should be unnecessary. The custodial parent's earning capabilities will be severely restricted as a result of having to care for three very young children. The only mistake that the trial court made was in failing to provide a definite period of time in which the alimony will be effective. If the alimony had been properly designated as bridge-the-gap alimony and a reasonable time period provided as in Kellerman, supra at 1391, I would have voted to affirm the trial court's order as to the support provided to the wife.