711 So.2d 158 (1998)
Ronald D. BURKHARDT, Appellant,
v.
Laura A. BASS, Appellee.
No. 96-4245.
District Court of Appeal of Florida, Fourth District.
May 13, 1998.
*159 Steven M. Goldsmith of Steven M. Goldsmith, P.A., Boca Raton, for appellant.
No appearance for appellee.
PARIENTE, BARBARA J., Associate Judge.
Appellant, Ronald D. Burkhardt (father), appeals the trial court's order on his petition for modification. We affirm because the trial court did not abuse its discretion in finding that the father was voluntarily underemployed or in determining the amount of income imputed. We write to clarify what findings the trial court must make when imputing income for purposes of calculating child support.
Based on the final judgment of paternity, the father was obligated to pay $849 per month for support of his three children. He fell into substantial arrears, was held in contempt, and then imprisoned. The trial court ordered a total purge amount of $36,853.77, payable in monthly installments of $2,000.
In his petition for downward modification, the father alleged that he did not possess the present ability to meet his support obligations. He claimed a total of $1,600 in gross monthly income and $2,380 in total monthly expenses. According to his testimony at the hearing on the petition, the father's parents pay his rent, his automobile insurance, provide him with a credit card for "emergency" situations, and pay his $2,000 monthly support obligation to keep him out of jail.
The father is a 51-year-old college graduate with a degree in business administration. He possesses a mortgage broker's license and a real estate license. His primary career as an adult was in banking where he achieved the position of vice-president of administration in the trust department. His last banking job ended in 1988 when his position terminated due to a bank merger. He claimed that since that time he has sent "thousands" of resumes and spoken to headhunters in an attempt to obtain another banking joball without success.
Since 1988 he has attempted various business ventures, financed by his parents, which have failed. He testified that he has held several different sales positions, most recently with a yacht sales company, but that he had been fired from the most recent position two weeks prior to the hearing. According to the father's tax returns, his adjusted gross income was $5,630 in 1994 and $4,998 in 1995.
An expert in the banking industry, testifying on behalf of the father, stated that the father had little possibility of achieving employment in his past position, although "a bank might consider him to start as a customer service rep and reestablish his credibility or something like that, but that would probably be at an $18,000 a year job."
The trial court's order of modification provided that:
[The father] does not have the present ability to pay the current support obligation of $849 per month, plus an additional sum for past arrearages. However, [he] continues his practice of long standing to be intentionally and willfully underemployed. He continues to live off his parents instead of getting and keeping a steady job. He is a 51 year old college graduate in good health. Based on the evidence presented it does appear that [his] imputed income should be reduced to a net of $1,200 per month. [The mother's] net income is $1,000 per month. Child support guidelines assessing a total income of $2,200 per month for both parents for three children is $904 and [the father's] share is $508.... Wherefore, it is ORDERED AND ADJUDGED that [father's] *160 child support payments are now $508 per month plus $200 for arrearages making a total payment due each month of $708.
(Emphasis supplied).
Subsection 61.30(2)(b), Florida Statutes (1995), mandates that the trial court impute income for purposes of child support upon a finding that the unemployment or underemployment is voluntary:
Income shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on that parent's part, absent physical or mental incapacity or other circumstances over which the parent has not control.
(Emphasis supplied.)
In considering the amount of income to be imputed, subsection 61.30(2)(b) further sets forth the factors that a trial court shall consider:
In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community.
A trial court's findings regarding modification of child support and imputation of income will be affirmed if supported by substantial competent evidence. See Vallette v. Vallette, 693 So.2d 1121 (Fla. 4th DCA 1997); Wander v. Wander, 485 So.2d 896 (Fla. 4th DCA 1986); Vaccaro v. Vaccaro, 677 So.2d 918 (Fla. 5th DCA 1996).
Here, there is substantial competent evidence to support the trial court's decision to impute a net monthly income of $1,200 or $14,400 per year, which correlates with the minimum gross income of $18,000 per year that the father's expert stated the father could make in an entry-level banking job. The trial court's findings, contained in its written order, are supported by the record, including the testimony of the father's own expert. Considering the father's age, educational background, lack of physical and mental limitations, prior history of earnings and the varied positions he has held, we find no abuse of discretion in the trial court's decision to impute income or in the amount of income imputed from which the modified amount of child support was calculated.
The father argues alternatively that the trial court's order is deficient and must be reversed because the order does not contain the "factual findings" he alleges are required by section 61.30(2)(b). We disagree because there is no statutory requirement that mandates any specific set of written findings before a trial court imputes income.
As Judge Farmer stated in Murphy v. Murphy, 621 So.2d 455 (Fla. 4th DCA 1993), "whenever in chapter 61 the legislature actually wanted the trial judge to spell out factual findings in written judgments, it knew how to say so." According to the plain language of section 61.30(2)(b), the only "finding" required for imputation of income is a finding that the parent is voluntarily unemployed or underemployed.
The purpose of an appellate court requiring factual findings by a trial court in a family law case, in the absence of a statutory mandate, is to facilitate meaningful appellate review of decisions in which the trial court is acting as fact finder and then exercising its judicial discretion. A balance must be struck between what may be necessary for meaningful appellate review and what unnecessarily adds to the trial court's workload.
Here, the trial court's order and the record enable us to determine the basis for the trial court's decision. The written order clearly makes a finding of voluntary underemployment, which is the statutory linchpin for mandatory imputation of income. The written order further recites the father's probable net earnings level. The factual basis for the numbers and the source of the imputed income set forth in the order are easily ascertainable from the record. The written order together with the record enables us to determine the basis for the amount of support ordered.
The father relies on Jones v. Jones, 636 So.2d 867 (Fla. 4th DCA 1994), in support of his contention that reversal is required, but Jones is distinguishable. In Jones, the trial court awarded a modified amount of child *161 support without setting forth the income relied upon in calculating the support award; thus, we were unable to determine if the amount of modified support was within the guidelines or substantially exceeded the guidelines or whether the court based the child support award on an amount of imputed income. Id. at 868. It was in this context that we stated:
It may be that the trial court imputed additional income to the former husband, but factual findings as to the probable and potential earnings levels, source of imputed and actual income and adjustments to income must also be set forth.
Id. (citations omitted). This statement is dicta in Jones and was never intended to impose a rigid formula for every imputed income case. Similarly, in Viscito v. Menditto, 644 So.2d 135 (Fla. 4th DCA 1994), the trial court awarded child support without indicating whether it was imputing income and, if so, in what amount. Without this information, it was impossible for this court to determine whether the trial court deviated from the child support guidelines. This omission provided the basis for reversal in Viscito.
In Alon v. Alon, 665 So.2d 1110 (Fla. 4th DCA 1996), we held that the basis for imputed income and the amount of income must be supported by the evidence. We reversed because we could not find any support in the record for the amount of imputed income. In a case such as Alon, factual findings were necessary to determine how the trial court arrived at the amount of imputed income. The lack of findings to guide this court in assessing the propriety of the imputation of income to the husband likewise formed the basis for reversal in Bimonte v. Martin-Bimonte, 679 So.2d 18, 19 (Fla. 4th DCA 1996).
A sampling of recent appellate cases exemplifies the difference between when meaningful appellate review is possible in imputed income cases and when it is not. In Vaccaro, 677 So.2d at 918, the fifth district explained that the failure to make written findings for the basis of imputing income did not warrant reversal where financial documents in the record supported the trial court's decision. See also Arouza v. Arouza, 670 So.2d 69 (Fla. 3d DCA 1995). However, where there is an absence of both specific findings and record evidence to support the imputation of income, reversal has been required. See Warner v. Warner, 692 So.2d 266, 269 (Fla. 5th DCA 1997); see also Woodard v. Woodard, 634 So.2d 782, 783 (Fla. 5th DCA 1994) ("If the court is going to impute income not apparent from the record, it must indicate the amount and source.").
Here, the trial court made a finding of voluntary underemployment and arrived at a net income figure upon which it based the modified child support award. The order contains sufficient detail to facilitate meaningful appellate review. Where, as here, a finding is made of voluntary underemployment, and the record reveals substantial competent evidence to support both an imputation of income and the amount of income imputed, there is no basis to reverse.
STONE, C.J., and KARLAN, SANDY, Associate Judge, concur.