PER CURIAM.
The former husband, Victor S. Pur-vis, appeals a final judgement of dissolution, arguing that the trial court erred in awarding alimony to the former wife, Rosemary Purvis, appellee. Because the stipulated statement of evidence indicates that the former wife testified to an offer of alimony by the former husband which was not objected to and was not contradicted, and because the statement of the evidence does not disclose the nature of the objection made by the former husband when the lower court announced that it would award rehabilitative alimony to the former wife, it cannot be said that the alimony issue was not tried by consent. See Sugrim v. Sugrim, 649 So.2d 936, 938 (Fla. 5th DCA *461 1995)(in a dissolution action, as in other civil litigation, an issue is properly before the court where raised by the pleadings or where raised and considered by the court without objection) and DeLoach v. DeLoach, 552 So.2d 324 (Fla. 1st DCA 1989), appeal after remand, 590 So.2d 956 (Fla. 1st DCA 1991), disapproved on other grounds sub. nom.; Boyett v. Boyett, 703 So.2d 451 (Fla.1997).
However, the final judgment of dissolution does not contain any findings to support an award of rehabilitative alimony, and is therefore erroneous. Collinsworth v. Collinsworth, 624 So.2d 287 (Fla. 1st DCA 1993).[1] As we held in Vanbrussel v. Vanbrussel, 710 So.2d 170 (Fla. 1st DCA 1998), the lower court is free on remand to consider awarding rehabilitative alimony in accordance with the dictates of Collins-worth or so-called “bridge-the-gap” alimony as described in Shea v. Shea, 572 So.2d 558 (Fla. 1st DCA 1990).
Accordingly, the cause is REVERSED and REMANDED for further proceedings consistent with this opinion.
BARFIELD, C.J., VAN NORTWICK AND PADOVANO, JJ., CONCUR.

. While the lower court labeled the award as ‘'temporary alimony,” section 61.08(1), Florida Statutes (1997), provides that a court may award either "rehabilitative or permanent" alimony. No provision is made in the statute for temporary alimony, and so we construe the award of temporary alimony as an award of rehabilitative alimony.