PER CURIAM.
Anne Vanbrussel appeals a postdissolution order. We affirm in part, and reverse in part.
Anne Vanbrussel (mother) and Craig J. Vanbrussel (father) were married on May 9, 1992, and divorced in Escambia County on January 29, 1997. Three children were born during the marriage and the wife was designated as the primary residential parent. When the parties’ judgment of dissolution first appeared here for review, we reversed certain aspects, and remanded for findings. Vanbrussel v. Vanbrussel, 710 So.2d 170 (Fla. 1st DCA 1998) (affirming dissolution of marriage and remanding for findings to support downward departure from child support guidelines, imputation of income to father, and award of alimony).
The instant appeal is from a February 25, 1998 order which: orders a $1000 reduction in past due child support, based on a finding that the mother contemptuously denied visitation; denies the mother’s motion to dismiss the father’s modification motion, premised on improper service;[1] denies the father’s motion for downward *609 modification of support; finds the father in willful contempt for arrearage in support, alimony, children’s medical expenses, and attorney’s fees; orders jail time or a $1000 purge to be applied to support; and awards the mother $1772.25 in attorney’s fees. We affirm without discussion these aspects of the order.[2]
The February 25, 1998 order provides a thirty-day period of visitation for the father in order to compensate him for visitation improperly denied by the mother. However, it further provides: “During said visitation, the Former Wife will be entitled to alternate weekend visitation with the minor children.” An offset against child support in the amount of $600 due during this thirty-day visitation time was also ordered. Florida law provides: “If a child has visitation with a noncustodial parent for more than 28 consecutive days the court may reduce the amount of support paid to the custodial parent during the time of visitation not to exceed 50 percent of the amount awarded.” § 61.30(ll)(g), Fla. Stat. (1997). The judge’s order, by its terms allowing alternate weekend visitation, precludes the application of this statutory reduction because the “28 consecutive days” statutory requirement was not met. We accordingly reverse the $600 offset in child support, and remand for a $600 upward correction in child support due.
The February 25, 1998 order also denies interest on arrearage for past due child support and the children’s medical expenses. This court holds that interest is due on child support arrearage “from the date of the last support payment to the date of the arrearage judgment.” Melvin v. Melvin, 391 So.2d 691, 692 (Fla. 1st DCA 1980) (reversing and remanding for imposition of interest). We thus reverse this aspect of the order, and remand for imposition of interest on the child support and the children’s medical expense , arrear-age.
We accordingly affirm in part, reverse in part, and remand for a corrected calculation of child support arrearage, and for imposition of interest on the child support and children’s medical expense arrearage.
AFFIRMED in part, REVERSED in part, and REMANDED for consistent proceedings.
MINER, WEBSTER and LAWRENCE, JJ., CONCUR.

. We agree with the trial judge that the mother is precluded by estoppel from asserting this claim.

. The order also provides that alimony will cease upon enumerated future conditions; this issue is unripe for review.