COBB, J.
We have for review a corrected final judgment of dissolution of marriage. We reverse the following aspects of this corrected judgment.
The trial court erred in awarding rehabilitative as opposed to permanent alimony to the wife. This was a fifteen year marriage during which the husband, a college graduate, worked as a systems analyst and the wife remained at home caring for the couple’s two children. The wife has minimal job skills. The record establishes a substantial income disparity between the parties. The alimony issue is controlled by our decision in Young v. Young, 677 So.2d 1301, 1306 (Fla. 5th DCA 1996).
*1133 We note that the trial court imputed income to the wife based upon assets she received pursuant to a marital settlement agreement. The corrected final judgment states that the court “considered the income the wife can earn on the net proceeds of the sale of [certain] land.” How the court could have considered income earned on the net proceeds of the sale is puzzling since no testimony was presented regarding tax liability incurred in connection with the wife’s sale of the property. Indeed, the order does not identify the amount of the net proceeds nor does it indicate how the court determined what the wife could have earned on this sum. Furthermore, the record establishes that $20,000 of the money was used to make needed repairs to the marital home and $25,000 was used by the wife to pay her attorney. Thus, at the very least, $45,000 of said money was used for essentials and should not have been considered in the calculation. On remand the trial court may reconsider the imputation of income but it should make detailed factual findings relative to any imputation of income. See Jones v. Jones, 636 So.2d 867 (Fla. 4th DCA 1994); Warner v. Warner, 692 So.2d 266 (Fla. 5th DCA 1997). The court should then, given the substantial income disparity between the parties, award the wife permanent alimony.
Because the imputation of income was also employed in calculating child support, the award of child support should be revisited on remand.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
HARRIS, J., concurs.
SHARP, W., J., concurs in part and dissents in part, with opinion.