DAVIS, Judge.
Ifeanyi Ejiego challenges the final judgment ordering him to pay $930.84 per month in child support. He argues that the court’s order is not supported by the record and that the court erred in making its calculations. We agree.
A paternity test determined that Ejiego is the biological father of the minor child. At the support hearing, Ejiego presented his past years’ income tax returns, reflecting that his annual income, as he reported it to the IRS, varied from approximately $9000 to $12,000. The trial court clearly disbelieved Ejiego’s testimony and his tax returns and, accordingly, imputed additional income to Ejiego.
However, it is not entirely clear how the court arrived at the $4566.64 monthly gross income it imputed to Ejiego. In its order, the court found: “Petitioner’s probable earnings from the operation of his cab, after considering his gross receipts minus ordinary and necessary expenses, is $3,526.64 a month ($5,638.97 less $1,213.33 for fees, less $130.00 for maintenance/repairs, less $770.00 for gas/oil).” Although the $5638.97 figure would appear to be the result of the court’s calculation of Ejiego’s gross receipts, neither the order nor the record supports this figure.
The order also states that Yellow Cab’s operation manager testified that Ejiego averaged about ten fares a day. However, Yellow Cab’s operation manager did not so testify. He testified that from April 2, 2001, through June 4, 2001, Ejiego took 566 calls. Even if all of those calls resulted in actual fares, which is not clear from the record, 566 calls divided by 63 days (April 2 — June 4, 2001) yields a total of 8.98 calls per day, not ten fares per day, as the court found.[1] The court further found that the average amount of a cab fare was $18.59. However, this figure was an average of fares that were charged either by credit card or voucher; it does not include cash fares, which would, based on the testimony, likely be less. Even applying the court’s estimated ten calls per day figure, multiplying by $18.59 (the court’s average fare figure), and then computing that figure on a monthly basis, one does not arrive at the $5638.97 figure that the court calculated. Rather, using the court’s figures, Ejiego’s total monthly gross income comes to $5515.03.
The court also concluded that the two cabs that Ejiego leased to other drivers generated a total income to Ejiego of $1040 per month. However, in arriving at this figure, the court made no allowance for the repair/maintenance costs to Ejiego, which Ejiego testified was his responsibility under the lease agreements.
Because the record does not support the court’s findings and calculations, those findings and calculations provide us no guidance in determining the propriety of the court’s imputation of income to Ejiego. See Bimonte v. Martin-Bimonte, 679 So.2d 18 (Fla. 4th DCA 1996). According *1193 ly, we reverse and remand for further findings.
CANADY, J., Concurs.
ALTENBERND, C.J., Concurs specially.

. In its order, the court observed that Ejiego had testified that he works seven days per week. Accordingly, in attempting to determine how much Ejiego earned each day, we assumed a seven-day work week, which, from April 2, 2001, through June 4, 2001, yields a total of sixty-three work days.