STONE, J.
The wife appeals a final judgment of dissolution of marriage, arguing that the trial court made insufficient findings to support the $1,300 per month imputed income to the wife. See Vitek v. Vitek, 661 So.2d 965, 966 (Fla. 5th DCA 1995) (stating that the imputation of income is “improper in the absence of specific findings of fact supporting it”); Cooper v. Cooper, 639 So.2d 153, 155 (Fla. 2d DCA 1994). We affirm.
In Burkhardt v. Bass, 711 So.2d 158, 160 (Fla. 4th DCA 1998), we recognized that “there is no statutory requirement that mandates any specific set of written findings before a trial court imputes income.” It is sufficient that the trial court make the required findings of voluntary underemployment and income to be imputed, and the order and record enable the appellate court to determine the basis for the trial court’s decision. Id. Beyond that, the issue is whether there is competent, substantial evidence which supports and correlates with the judgment. Id.
Here, there is competent, substantial evidence in the record supporting the amount imputed based on the wife’s earnings history. The wife acknowledged on cross-examination that her earlier testimony as to the $10 per hour she previously made may have been an approximation and that she might, in fact, have earned $12 per hour, as the husband asserted. There was also testimony as to the hours she could work per week. The $1,300 per month accords with maximum figures acknowledged by the wife and is well within her earnings history. Further, the trial court made specific findings of fact that she had voluntarily left her last job and made no attempt to regain employment, although she had the continuing ability to earn.
As to all other issues raised, we also find no reversible error or abuse of discretion.
STEVENSON, C.J. and BATEMAN, THOMAS H., Ill, Associate Judge, concur.