623 So.2d 613 (1993)
Floyd J. WINTERS, Appellant,
v.
Nadya KATSERALIS, f/k/a Nadya Golubov, f/k/a Nadya Winters, Appellee.
No. 92-04115.
District Court of Appeal of Florida, Second District.
September 3, 1993.
*614 John P. Fleck, Jr., Bradenton, for appellant.
Paulette R. Pace, Bradenton, for appellee.
ALTENBERND, Judge.
Mr. Winters, the former husband, appeals an order modifying child support payable to Ms. Katseralis, the former wife. This divorced couple has two children. The father has custody of the son, and the mother has custody of the daughter. We conclude that the amount of child support stated in the order deviates from the amount established by the child support guidelines, and that the trial court failed to make a written finding in its order or a specific finding on the record to justify the deviation. Section 61.30(1)(a), Fla. Stat. (1991).
At the time of the hearing on the petition for modification of child support, both parents were teachers. Mr. Winters' net monthly income was $1,985, and Ms. Katseralis' net monthly income was $1,320. With a combined net monthly income of $3,305, the child support guidelines suggest that two children should receive total monthly support of $1,052. Section 61.30(6), Fla. Stat. (1991). Because the father earns 60% of the combined net income, his share of the child support should be $631 and the mother's share should be $421. Section 61.30(8), Fla. Stat. (1991).
The mathematics of child support are more complex in this case because each parent has custody of one child. All things being equal, the father should pay the mother the difference between their respective obligations, i.e., $210 per month. The trial court, however, ordered the father to pay $325. Thus, Mr. Winters is effectively contributing $851 in support of the children, while Ms. Katseralis contributes $201.[1]
Although our record is limited,[2] it appears that Mr. Winters voluntarily paid Ms. Katseralis $325 each month for his daughter's support after his son came to live with him. This amount, however, was not established by any stipulation, and the trial court made no finding that Mr. Winters was bound by any agreement to maintain this amount.
The child support guidelines are reasonably flexible. The trial court is authorized to adjust the award based upon a number of considerations. Section 61.30(10), Fla. Stat. (1991). In this case, it is possible that the trial court may have a valid reason to deviate from the guidelines. However, it made no written finding in its order to explain its deviation. The specific findings on the record indicate that the trial court did not intend for the parties to exchange monthly support checks and that the father's $325 child support payment was a net amount, adjusted to reflect the mother's obligation to support her son. The findings state that the husband has a greater ability to pay child support, but the guidelines already placed 60% of the obligation upon the father for this reason. The findings do not suggest that the trial court believed the father had a greater ability to pay than anticipated by the guidelines or that the trial court intended to create such a large deviation from the guidelines.[3]
Accordingly, we reverse and remand for a new determination of child support. If the trial court again decides to deviate from the guidelines, it should provide reasons to explain either why the two children need more support than anticipated by the guidelines, why one child needs a disproportionate share of the guidelines amount, or why one parent should pay a substantially higher percentage of the child support than that recommended by the guidelines.
Reversed and remanded.
RYDER, A.C.J., and HALL, J., concur.
NOTES
[1] At least in theory, each child is due 50% of the support or $526. The father contributes that amount for his son and $325 for his daughter, totalling $851. The mother contributes nothing for her son, and the $526 due for her daughter is reduced by the father's payment of $325, for a net contribution by the mother of $201.
[2] We do not have a complete transcript of the proceedings. However, the trial court has provided the findings it made on the record at trial.
[3] The financial affidavits of both parents indicate that they are living beyond their means.