668 So.2d 1054 (1996)
Carl T. GINGOLA, Appellant/Cross-Appellee,
v.
Laura VELASCO, f/k/a, Laura Gingola, Appellee/Cross-Appellant.
No. 94-04492.
District Court of Appeal of Florida, Second District.
February 23, 1996.
James C. Runyon of James C. Runyon, P.A., St. Petersburg, for Appellant/Cross-Appellee.
Charles M. Samaha, St. Petersburg, for Appellee/Cross-Appellant.
ALTENBERND, Judge.
We affirm the amended final judgment of dissolution in its entirety. Two difficult aspects of this case, however, warrant brief explanation.
First, Mr. Gingola accepted employment with the state of Florida shortly before the parties commenced this dissolution proceeding. He does not have a vested right to any state pension at this time, but will earn such a right if he remains employed. The trial court treated Mr. Gingola's nonvested pension as a marital asset and reserved jurisdiction to resolve the parties' rights to the pension, if necessary, at an undetermined future date. Such a nonvested pension is a marital asset. § 61.075(5)(a)4., Fla.Stat. (1991). Although it seems unfortunate that the parties were unable to settle this small monetary issue and that the judgment leaves the matter unresolved for the indefinite future, this decision was within the trial court's discretion. Kirkland v. Kirkland, 618 So.2d 295 (Fla. 1st DCA 1993).
Second, the calculation of child support in this case is extraordinarily complex. When the amended final judgment was entered, two of the children resided with Mr. Gingola and one with Mrs. Gingola. Mr. Gingola was paying day care expenses for a daughter who resided with him and health insurance premiums on all three children. Judge Charles Cope carefully determined the items necessary to complete the child support *1055 guidelines worksheet and performed the proper calculations. He concluded, however, that neither that form nor this court's opinion in Winters v. Katseralis, 623 So.2d 613 (Fla. 2d DCA 1993), provided more than a general solution to the problem.[1] Judge Cope provided each child with a pro rata share of the statutory basic obligation and their specific share of the additional obligations. He then made certain that Mr. Gingola received credit for his payments on the health insurance and on the allowable child care costs when calculating each parent's share of the total child support responsibility. In the end, because Mr. Gingola had primary residential custody of two children, Mrs. Gingola was required to pay Mr. Gingola $230 each month, and he paid her nothing. We conclude that this payment accurately split the total child support obligation in a manner that placed 54% of the responsibility upon Mr. Gingola, as warranted by his pro rata share of the combined net monthly income.
Affirmed.
RYDER, A.C.J., and LAZZARA, J., concur.
NOTES
[1] The author of this opinion also wrote Winters v. Katseralis, 623 So.2d 613 (Fla. 2d DCA 1993), and concedes that it contains a mathematical error. The opinion, at 623 So.2d 613, 614, should have stated: "All things being equal, the father should pay the mother half the difference between their respective obligations, i.e., $105 per month." The general approach taken in Winters is still correct. In a split custody case, the trial court first determines the total child support obligation and each child's share of that obligation. Thereafter, the court determines the method of parental payment that gives each child his or her share while assuring that each parent pays no more than the proper percentage of the total support. Having established his mathematical prowess in Winters, the author suggests that even he might benefit from an article on this complex subject written by a lawyer who paid better attention in high school algebra.