680 So.2d 1085 (1996)
C. Leonard SIMPSON, Appellant,
v.
Eloise R. SIMPSON, Appellee.
No. 95-2386.
District Court of Appeal of Florida, Fourth District.
October 9, 1996.
Charles E. Steinberg of the Law Offices of Charles E. Steinberg, P.A., Stuart, for appellant.
Bruce C. Baillie, Stuart, for appellee.
FARMER, Judge.
In reviewing this final judgment of dissolution, we affirm both the provision requiring the father to pay $788 per month in child support for those children residing with the mother, and the corresponding provision requiring the mother to pay $339 per month in child support for the child residing with the father.
We conclude that the child support guidelines do not speak to the circumstance in which 3 children are split between their parents, who have nearly comparable incomes.[1] *1086 If the guidelines do not cover this circumstance, as both parties and the dissent seem to agree, we think it impossible to contend that there has been an unwarranted deviation from them. See § 61.30, Fla. Stat. (1995). A trial judge cannot logically be accused of deviating from a standard that by its own terms does not purport to apply to the facts. We thus recur to the rule of discretion that governs dissolution of marriage cases. See, Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Applying that rule, we cannot say on the evidence adduced that the trial judge's resolution of this issue is arbitrary and unfair.
The exact method suggested in the dissent was not raised or argued by the parties, although it is similar to the one argued by appellant. It was thus never considered by the trial judge. We do not believe, moreover, that it is necessarily required by anything contained in section 61.30.
On the other hand, if the trial judge had employed the dissent's suggested method, we would not find its usage an abuse of discretion. A trial judge would certainly be free to apply the suggested method when the judge finds the circumstances appropriate to do so. Unless it is adopted by the legislature as part of section 61.30, however, we are unable to agree with the dissent that it is the exclusive method available to the judge who is faced with separating the custody of 3 children between 2 parents with roughly equivalent income.
We do reverse that portion of the order providing that the child support paid by the father shall continue until the youngest child reaches 18 years of age. We direct the trial judge on remand to adjust his obligation as each child reaches 18. In all other respects we affirm.
GUNTHER, C.J., concurs.
WARNER, J., dissents with opinion.
WARNER, Judge, dissenting.
The facts involved in this appeal are not in dispute. The wife had custody of the two youngest children, a ten-year-old girl and an eight-year-old boy at the time of the final judgment. The husband had custody of the oldest son, who was fourteen.
The parties are both accountants. The wife earns a net monthly income of $2,567.70, and the husband earns a net monthly income of $2,012.15. The wife pays for the health insurance for all of the children. There are also child care costs for the two younger children, 75% of which amounts to $127.50 per month. See § 61.30(7)-(8), Fla. Stat. (1993).
In determining the child support obligations, the trial court took two steps. It first determined the support obligation for the two younger children.

 Step 1: Calculate support for two
 children residing with wife
Wife's net monthly income $2567.70
Husband's net monthly income $2012.15
 ________
Combined net monthly income $4579.85
 ========
Guidelines support amount ($1450) plus
health insurance & child care costs $1791.10
Wife's share (56%) of support obligation[2] $1003.00
Husband's share (44%) of support obligation $ 788.00

See § 61.30.
The court then considered what the obligation to support the one child living with the husband would be. It first reduced the net monthly incomes of each party by the previously determined child support amounts for the two children living with the mother.

 Step 2: Calculate support for one
 child residing with husband
Wife's reduced net monthly income
($2567.70$1003) $1564.70
Husband's reduced net monthly income
($2012.15$788) $1224.15
 ________
Combined reduced net monthly income $2788.85
 ========
Guidelines support amount $ 607.00
Wife's share (56%) of support obligation $ 339.92
Husband's share (44%) of support obligation
 $ 267.08

*1087 See § 61.30. Offsetting the wife's obligation to support the older son ($339.92) from the husband's obligation to the wife for the two younger children ($788), the court ordered the husband to pay to the wife the sum of $448.08 per month.
Although the trial court's method of calculation appears reasonable, unfortunately a few manipulations of the method show that it is in fact arbitrary. If one were to calculate the support for the husband and one child first and then calculate the support for the wife and two children, the results would differ significantly. The following demonstrates the results obtained simply by reversing the order of steps taken by the trial court.

 Step 1: Calculate support for one
 child residing with husband
Wife's net monthly income $2567.70
Husband's net monthly income $2012.15
 ________
Combined net monthly income $4579.85
 ========
Guidelines support amount $ 933.00
Wife's share (56%) of support obligation $ 522.48
Husband's share (44%) of support obligation $ 410.52
 Step 2: Calculate support for two
 children residing with wife
Wife's reduced net monthly income
($2567.70$522.48) $2045.22
Husband's reduced net monthly income
($2012.15$410.52) $1601.63
 ________
Combined reduced net monthly income $3646.85
 ========
Guidelines support amount ($1194) plus
health insurance & child care cost $1535.02
Wife's share (56%) of support obligation $ 859.61
Husband's share (44%) of support obligation $ 675.41
Offset wife's obligation to one child
from husband's obligation to two children
($675.41$522.48) $ 152.93

See § 61.30. By inverting the order of the steps taken by the trial court, the husband's obligation to the wife is only $152.93. Thus, merely by changing which child support obligation is considered first under the trial court's methodology, the difference in the monthly amount the husband is obligated to pay changes by almost $300. I cannot conceive that a methodology which creates such disparate results depending on whether the older son's child support or the younger children's child support is considered first amounts to a reasonable exercise of discretion.
Only two prior cases have discussed the determination of child support in split custody cases. In Winters v. Katseralis, 623 So.2d 613 (Fla. 2d DCA 1993), where one child was with each parent, the court approved a methodology by which the child support amount for two children is taken from the guidelines tables for the combined net monthly income of the parents, and that child support amount is divided equally so that each child has an equal amount of support. This methodology was extended to a custody arrangement such as in this case in Gingola v. Velasco, 668 So.2d 1054 (Fla. 2d DCA 1996), so that the guidelines amount for three children was used and then equally divided between the three children, with the parent providing health insurance and child care receiving credit for these expenses.
Applying that methodology to the facts of this case, we would have the following results:

 Second District's Methodology
Combined net monthly income $4579.85
 ========
Guidelines support amount for three
children ($1804), divided by three $ 601.33
Support obligation for one child residing
with husband $ 601.33
Wife's share (56%) of support obligation
for one child residing with husband $ 336.74
Support obligation for two children residing
with wife ($1202.67) plus health
insurance & child care costs $1543.69
Husband's share (44%) of support obligation
for two children residing with
wife $ 679.22
Offset wife's obligation to one child from
husband's obligation to two children
($679.22$336.74) $ 342.48

See § 61.30. The husband would be required to pay the wife $342.48 per month. This amounts to approximately $100 less than the method the trial court used and $200 more than the amount that I calculated above by reversing the trial court's method.
The method employed by the second district assures equality between the children as to their parent's obligation to support them. However, this principle of equality as between the children is not a principle upon which the guidelines amounts were established. The amount for two children is not twice that for one, and so on. Instead, the guidelines work on the principle that some expenses pertaining to child support remain constant regardless of the number of children involved. Thus, the amount for one child is greater than half the amount for two children. See Department of Health & Rehabilitative Servs. v. Beckwith, 624 So.2d 395 *1088 (Fla. 5th DCA 1993). What we have in a case of split custody is the duplication of those constant expenses with respect to child care, such as the establishment of a home by both parties instead of only by one.
To allow for the "constant" expenses, such as housing, which a parent incurs regardless of the number of children with the parent, another method may be employed. The court could take the child support guidelines amount for the combined monthly income level and utilize both the amount for one child and the amount for two children to figure the total child support amount. In the instant case, application of this method would result in the following.

 Suggested Methodology
Combined net monthly income $4579.85
 ========
Guidelines support amount for one child
residing with husband $ 933.00
Wife's share (56%) of support obligation
for one child residing with husband $ 522.48
Guidelines support amount for two children
residing with wife ($1450) plus
health insurance & child care costs $1791.02
Husband's share (44%) of support obligation
for two children residing with
wife $ 788.05
Offset wife's obligation to one child from
husband's obligation to two children
($788.05$522.48) $ 265.57

See § 61.30. Thus, the husband would be obligated to pay the wife $265.57 per month for child support.
As can be seen from all of these mathematical calculations, the child support obligation of the husband can vary widely depending on which calculation method is selected. The amount of support the children can expect to receive also varies.

 COMPARISON OF VARIOUS
 METHODS
Method Total Child Husband's
 Support Obligation for
 Received[3] Support
Trial Court's $2057.00 $448.08
Method
($1450 + $607)
Trial Court's $2127.00 $152.93
Method, Inverted
($933 + $1194)
Second District's $1804.00 $342.48
Method (guidelines
amount for three
children)
Suggested Method $2383.00 $265.57
($933 + $1450)

The purpose of the child support guidelines was to create a minimum standard of support for children of divorce to insure their secure futures. Substantial discretion was removed from the trial court in making individual child support determinations unless the trial court states in writing its reasons for not following the guidelines where there is a deviation of more than five percent from the guidelines amount. § 61.30(1). Here the amounts set for the children deviate by more than five percent, depending on how the calculation is made.
To ensure that in split custody cases the degree to which children are supported will not depend on which trial court hears the case and that court's facility with mathematics, I believe that, in the absence of legislative direction, we must adopt a uniform method of calculation. Then a trial court may deviate from its minimum amount in accordance with sections 61.30(1) and 61.30(11)(g). I would adopt the last method because it is more in keeping with the policy behind the guidelines. While this means that the total support amount is much higher for three children under this method than the amount for three children under the guidelines, it holds true to the legislative principle that certain constant expenses of the custodial parent will be a part of child support no matter how many children are being supported. Where both parents are custodial parents, their expenses necessarily will be greater than if only one parent has all of the children.
I think that the trial court actually had this in mind in selecting the method by which it settled the issue. Where the method I advocate differs from the trial court's is that after calculating the support for the younger children, the court deducted the support obligations to come up with a new lower net monthly income to calculate the older son's support. I see no basis for reducing the net monthly income, as in doing so, the trial court shortchanged the older son and provided less for his support than his younger siblings.
NOTES
[1] Both are accountants practicing as CPAs. Her net monthly income is $2568 and his is $2012. She bears the cost of health insurance and part of the child care costs.
[2] Each parent's percentage share of the child support obligation is determined by dividing each parent's net income by the combined net income. § 61.30(9).
[3] These totals do not include health insurance and child care costs, which would remain constant in the amount of $341.02 regardless of the method used.