695 So.2d 744 (1997)
Jesse Gary BROCK, Former Husband, Appellant,
v.
Voncile BROCK, n/k/a Voncile Amore, Former Wife, Appellee.
No. 95-1871.
District Court of Appeal of Florida, First District.
March 5, 1997.
Jennifer Byrom of Stewart & Byrom, Milton, for Appellant.
John L. Miller of Johnson, Green, Locklin & Miller, Milton, for Appellee.

ON MOTION FOR REHEARING
VAN NORTWICK, Judge.
The appellant's motion for rehearing is granted, the order dismissing appeal and cross-appeal previously issued in this cause is withdrawn, and the following opinion is substituted therefor.
In this appeal and cross-appeal of an order modifying a final judgment of dissolution of marriage, both parties allege error in the award of child support. For the reasons that follow, we affirm in part and reverse in part.
After the parties divorced in July 1987, the two minor children born to the marriage resided, pursuant to the judgment of dissolution, with the former wife. The former husband paid $200 per child per month in child support. The parties thereafter entered a stipulated modification under which the oldest child began residing with the former husband. The stipulation left the issue of child support for resolution by the lower court, where a motion for modification was pending. Following a hearing on that motion, the lower court granted modification, and, upon a finding of a combined monthly income of $5,000 per month, determined pursuant to the guidelines that the proper amount of child support was $1,147.74 per month. The former husband was ordered to pay $744 per month in support for the child who remained in the former wife's care. The lower court further determined that the husband owed nine months of retroactive child support in the amount of $744 per month, but ordered this retroactive support to be paid by requiring the payment of child support for *745 nine months after the child reaches the age of majority.
The lower court based its finding that the parties earned a total monthly income of $5,000 on its finding that the former husband earned a net income of $3,700 per month as a self-employed building contractor. The husband argues that this net income finding was not based on competent substantial evidence because it exceeded the net income which the former husband had claimed ($2,585.95) on his final financial affidavit dated February 1995. Although the former husband had claimed a net monthly income of $3,621.09 in a financial affidavit filed in January 1994, at the hearing on the modification petition the former husband testified that he was only earning $2,500 per month and produced evidence reflecting payment of a salary in that amount. In its written order the lower court neither indicated why it rejected the former's husband testimony nor made findings consonant with section 61.30(2)(b), Florida Statutes, to support a finding that the former husband had voluntarily reduced his income. On appeal, the former husband argues that the lower court erred in imputing income to him without first making findings supporting a voluntary reduction in income and in failing to impute gross income rather than simply net income.
The former wife asserts error in the lower court's failure (i) to award retroactive support to the date of the petition for modification, (ii) to order the immediate payment on the child support arrearage, and (iii) to require the former husband to pay only one-half of the former wife's attorney's fees.
We conclude that the lower court erred in its imputation of income to the former husband. The lower court stated that it was imputing an income of $3,700 per month because the court believed the former husband "has a prospect of regaining a foothold" in his construction business. The lower court never made a specific finding, however, as required by section 61.30, Florida Statutes, that the former husband's underemployment was voluntary. See Braman v. Braman, 602 So.2d 682 (Fla. 2d DCA 1992). Accordingly, we reverse and remand for reconsideration of this issue or for the entry of appropriate findings. On remand, the lower court is to impute gross income and then make the necessary deductions, as authorized by statute, before calculating the child support amount, should the trial court determine that an imputation of income is warranted.
As for the issues raised by the former wife, we find that the lower court abused its discretion in failing to hold the former husband responsible for the full amount of child support arrearage retroactive to the date of the filing of the petition for modification. The lower court concluded that, because it was uncertain as to the amount of child support owed after the minor son moved in with the former husband, the former husband should not be held accountable for the full amount of past support that was owed. However, this conclusion in effect erroneously bases the obligation to pay past child support on the fault or knowledge of the party obligated to pay support. As this court has held, "it is an abuse of discretion... to fail to award support from the date of the petition for modification where the need for the support and ability of the former spouse to pay existed at the time the modification petition was filed." Anderson v. Anderson, 609 So.2d 87, 89 (Fla. 1st DCA 1992). Accordingly, that part of the modified final judgment which awards retroactive child support from November 1994 is reversed and remanded for entry of an award of retroactive child support to the date of the petition for modification. Campbell v. Campbell, 635 So.2d 44, 46 (Fla. 1st DCA 1994).
With respect to the appropriate methodology to use in calculating the parties' respective support obligations, we adopt the approach employed in Winters v. Katseralis, 623 So.2d 613 (Fla. 2d DCA 1993), explained in Gingola v. Velasco, 668 So.2d 1054 (Fla. 2d DCA 1996), as follows:
In a split custody case, the trial court first determines the total child support obligation and each child's share of that obligation. Thereafter, the court determines the method of parental payment that gives each child his or her share while assuring *746 that no parent pays more than the proper percentage of total support.
Gingola, 668 So.2d at 1055 n. 1.
As for the award of the attorney's fees, the former wife argues that the lower court abused its discretion in making the former husband responsible for only half, rather than all, of the attorney's fees incurred by her. Although the order under review does award fees, it does not fix a specific amount. This issue is therefore not properly before this court in the instant appeal. See Seymour v. Seymour, 661 So.2d 28 (Fla. 2d DCA 1994).
Accordingly, the order of modification is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
WOLF and BENTON, JJ., concur.