GROSS, Judge.
We affirm the award of temporary attorney’s fees and costs to the mother in this paternity action.
Prior to the birth of the child, while they were living together, the mother and father entered into an agreement for support of an out-of-wedlock child which contained an attorney’s fee provision that purported to cover any subsequent proceedings involving the child.
After the birth of the child, the parties separated and the mother filed a paternity action. The father’s answer admitted paternity. By the time of the temporary relief hearing, the primary issues in the case were the primary physical custody of the child, the amount of child support, and attorney’s fees and costs.
Under Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986), modified on other grounds sub rum., Tietig v. Boggs, 602 So.2d 1250 (Fla.1992), the trial court had the discretion, in considering the best interests of the child, to disregard the attorney’s fee provision in the parties’ agreement and award temporary fees and costs. In Bernstein, this court recognized that a contract dealing with child support “will be given effect only to the extent that it is in the best interests of the child.” Id. at 1272; see also Warrick v. Hender, 198 So.2d 348, 351 (Fla. 4th DCA 1967). Bernstein was a case where the former wife sought an upward modification of child support from that awarded in a final judgment which incorporated the parties’ settlement agreement. In the modification proceeding, the trial judge did not award attorney’s fees to the former wife, finding that a provision in the settlement agreement absolutely precluded such an award. This court reversed, holding that the trial court had the discretion to award fees:
The rights of the minor child ordinarily have but one advocate, his or her custodial parent. If that advocate can be deprived by contract of the ability to retain competent counsel, then what the law says may not be done directly could be accomplished indirectly. Therefore, the rule that the parents cannot by contract adversely affect the child’s rights must have a spillover effect on a contractual provision that would deny counsel to a party in need. On the other hand, the provision of the agreement in question for recovery of attorney’s fees by the prevailing party has the salutory effect of eliminating harassment by reducing the number of frivolous matters being placed in litigation. It is therefore necessary to achieve a balance between these competing principles on a case-by-case basis, keeping in mind the rights of the minor children involved.
Id. at 1274.
The point of Bernstein is that if the parents cannot contract away a court’s ability to act in the best interests of their child, then they cannot contract away one party’s ability to obtain an advocate to see that the full story is developed in a child related proceeding. The trial court’s award of temporary fees and costs was within the parameters of Rosen v. Rosen, 696 So.2d 697 (Fla.1997).
AFFIRMED.
GLICKSTEIN and POLEN, JJ., concur.