710 So.2d 1043 (1998)
Daniel J. DEVEREAUX, Appellant,
v.
Patricia L. DEVEREAUX, Appellee.
No. 97-04067.
District Court of Appeal of Florida, Second District.
May 27, 1998.
Margot Pequignot of Margot Pequignot, P.A., Largo, for Appellant.
Douglas M. Buchwalter, Clearwater, for Appellee.
BLUE, Acting Chief Judge.
Daniel J. Devereaux appeals the final judgment of dissolution of marriage and challenges the child support calculations. We reverse and remand for recalculation of the child support.
In this case, each parent has income and each has custody of one of the parties' two children, a split custody situation. The general approach for setting child support in a spilt custody case is "the trial court first determines the total child support obligation and each child's share of that obligation. Thereafter, the court determines the method of parental payment that gives each child his or her share while assuring that each parent pays no more than the proper *1044 percentage of the total support." Gingola v. Velasco, 668 So.2d 1054, 1054 n. 1 (Fla. 2d DCA 1996); see also Winters v. Katseralis, 623 So.2d 613 (Fla. 2d DCA 1993).
The final judgment directed the father to pay $343 for child support of the child in the mother's custody, but makes no mention of any amount of support to be paid by the mother. Although the final judgment specifically recognizes Gingola, it is clear from the amount of child support set that the calculations required by Gingola were not applied.
Accordingly, we reverse and remand with directions for the child support to be calculated in accordance with Gingola.
QUINCE and CASANUEVA, JJ., concur.