PER CURIAM.
In this appeal from a final judgment of dissolution of marriage, the former husband maintains the trial court abused its discretion in awarding the former wife permanent periodic alimony for a fixed five-year period, and in requiring the former husband to pay twenty-five percent of the former wife’s reasonable attorney’s fees. We affirm the first issue as modified. The second issue is not properly before the court for review.
We conclude the trial court did not abuse its discretion in its determinations regarding alimony, either in the amount of alimony awarded to the former wife, or in the duration of the award, and affirm the court’s ruling with respect to those matters. However, the final judgment of dissolution of marriage is modified to reflect the alimony is rehabilitative, rather than permanent. See Thilem v. Thilem, 662 So.2d 1314, 1316 (Fla. 3d DCA 1995)(im-proper to limit the duration of a permanent periodic alimony award). See also Shea v. Shea, 572 So.2d 558, 559-60 (Fla. 1st DCA 1990).
Regarding the attorney’s fee question, the former husband recognizes the trial court merely determined the former wife’s entitlement to payment of a portion of her reasonable attorney’s fees, without fixing an amount of the fee. Consequently, this issue is not ripe for review. See Brock v. Brock, 695 So.2d 744, 746 (Fla. 1st DCA 1997); Seymour v. Seymour, 661 So.2d 28 (Fla. 2d DCA 1994);
Accordingly, the final judgment is modified to reflect that the former wife is awarded rehabilitative alimony, rather than permanent alimony. The trial court’s ruling is affirmed with respect to the amount and the duration of alimony which *477 the former husband shall be required to pay.
JOANOS, PADOVANO and BROWNING, JJ., CONCUR.