851 So.2d 286 (2003)
Rita L. BAILEY, Appellant,
v.
Michael B. BAILEY, Appellee.
No. 3D02-1889.
District Court of Appeal of Florida, Third District.
August 6, 2003.
*287 Kimare S. Dyer, for appellant.
Michael B. Bailey, in proper person.
Before GREEN and RAMIREZ, JJ. and NESBITT, Senior Judge.
GREEN, J.
The former wife appeals the final judgment of dissolution of marriage and contends that the lower court failed to equitably distribute the parties' marital assets and liabilities. Moreover, the wife also argues that the trial court abused its discretion in ordering her to pay child support arrearages where there was not a court order of support in place prior to the final judgment. Upon review, we reverse and vacate both the equitable distribution award of the marital assets and child support arrearage award, and remand this cause for further findings by the trial court.
Although the trial court listed the limited marital assets of the parties in the final judgment and awarded them all to the former husband, it failed to make any written findings in support of its inequitable distribution. In accordance with section 61.075(1), Florida Statutes (2001), if a court's distribution of the marital assets is disproportionate, then the court must make written findings in support of its distribution. See Taber v. Taber, 626 So.2d 1089, 1090 (Fla. 1st DCA 1993); Ingle v. Ingle, 640 So.2d 223, 224 (Fla. 5th DCA 1994).
Furthermore, the former wife takes issue with the trial court's failure to specify which of the parties was to be responsible for their $1500 IRS debt. The final judgment, however, specified that this was a "joint IRS debt." We construe this to mean that this is a debt for which both parties are liable and therefore find no error under section 61.075.
Finally, the former wife argues that the trial court erred in imposing a $15,729.55 child support arrearage award against her and in favor of the former husband,[1] where there was never a temporary order for child support entered against her by the court prior to the dissolution judgment. To the extent the court referred to the past child support in the final judgment as an arrearage rather than retroactive child support, we agree. The distinction between the two is significant as noted by the Fourth District in Milopoulos v. Milopoulos, 691 So.2d 1199, 1200 (Fla. 4th DCA 1997):
Unpaid child support accruing from an order requiring payment, an arrearage, is a vested right, not subject to modification. Making a present award of child support retroactive, however, is discretionary with the trial court. Evidence of ability to pay at the time the petition for modification is filed is necessary. (citations omitted).
Where, as here, the court never ordered the former wife to pay child support prior to the dissolution judgment, we vacate the arrearage award imposed against her for back child support. Upon remand, however, the trial court has the discretion to make the former wife pay child support retroactive to the date of the parties' separation,[2] based upon her ability to pay. See *288 Id.; Anderson v. Anderson, 609 So.2d 87, 88 (Fla. 1st DCA 1992).
Thus, for the foregoing reasons, we reverse and vacate the equitable distribution award of the parties marital assets as well as the child support arrearage award, and remand for further proceedings consistent with this opinion. In all other respects, we affirm the final judgment of dissolution.
Reversed and remanded in part and affirmed in part.
NOTES
[1] He is the residential custodian of the parties' minor child.
[2] The former husband concedes that this would be May 2001 rather than August 1999 as found by the lower court.