987 So.2d 1246 (2008)
Franklin Delano KELLEY, Appellant/Cross-Appellee,
v.
Jackie KELLEY, Appellee/Cross-Appellant.
No. 5D07-2396.
District Court of Appeal of Florida, Fifth District.
August 15, 2008.
*1247 James R. Dressler, Cocoa Beach, for Appellant/Cross-Appellee.
Michael K. Poe, of Michael K. Poe, P.A., Melbourne, and Joseph E. Culmer, Rockledge, for Appellee/Cross-Appellant.
GRIFFIN, J.
Franklin Delano Kelley ["Husband"] appeals the final judgment of dissolution of marriage entered in this action between Husband and Jackie Kelley ["Wife"]. We find two errors; in all other respects, we affirm.
In the Final Judgment, the trial court made a finding that Husband had a gross monthly salary of $22,916 and that Wife had the ability to earn a monthly income of $1,213. Husband was given primary residential custody of the couple's son, and Wife was given primary residential responsibility of the couple's daughter. The trial court ordered Husband to pay Wife $1,146.24 per month in child support.
In his motion for rehearing, Husband complained that the child support calculations made by the trial court were not in conformity with Section 61.30 Florida Statutes and Devereaux v. Devereaux, 710 So.2d 1043 (Fla. 2d DCA 1998); Gingola v. Velasco, 668 So.2d 1054 (Fla. 2d DCA 1996); and Winters v. Katseralis, 623 So.2d 613 (Fla. 2d DCA 1993). The trial court heard Husband's motion for rehearing on June 14, 2007. In explaining how it calculated child support, the trial court said:
I did a computation of child support and I did a quick method. Instead of her paying and him paying, I just subtracted her share from his share and gave him a net of what he's to be paying, you know, instead of them paying making two contributions.
The trial court further explained, "[h]is regular income was 1656.39, hers was 455.95, all I did was subtract hers from his which gave him a balance due ofonce we made the adjustment of $1146.44." In its *1248 order on Husband's motion for rehearing, the trial court said only:
This court has filed as part of the court file a child support worksheet (produced by a program on software) clarifying the method used by this court. The husband's adjusted monthly net income of $13,931.79 and the wife's adjusted monthly net income of $3,856.55 results in a total amount of $17,788.34. This in turn results in the husband having a $78.12% obligation and the wife having a 21.68% obligation. The further analysis provides that the husband has a total monthly support obligation of $1,656.39 and the wife has a total monthly child support obligation of $455.95. This provides a final monthly obligation to the husband of $1,146.24.
Even with these clarifications, on appeal, neither party could explain the calculation.
In cases where each parent has income and each has custody of one of the parties' two children, a split custody situation exists. Devereaux, 710 So.2d at 1043. The judicially accepted approach for setting child support in such cases is to determine "the total child support obligation and each child's share of that obligation." Gingola, 668 So.2d at 1055 n. 1; Devereaux, 710 So.2d at 1043. The trial court must then determine "the method of parental payment that gives each child his or her share while assuring that each parent pays no more than the proper percentage of the total support." Id.
On appeal, Husband contends that the trial court should have followed the method laid out by the Second District's opinions. Using the trial court's determinations as to each party's income, Husband reasons:
Basic child support for two children is $2,872.13. Each of the children should receive 50% of this amount or $1,436.06. The Husband's share (78%) is $2,240.26; therefore he should pay the Wife $810.20 monthly, less the Wife's share (22%) of the $250.00 monthly health insurance for the children paid by the Husband, or $55.00, leaving the Husband owing the Wife $755.20.
In response, Wife contends that the trial court had the discretion to "apply a method that it found appropriate to determine support, and there was no exclusive method of calculation," absent adoption of such by the Legislature.
We agree that Husband's proposed calculation is more accurate.[1] This method of calculation ensures that each child is allocated an equal amount of the total support ordered. Husband should pay his share of support of the child residing with Wife, less the amount Wife owes him for her share of the child residing with Husband. There is no indication that the trial court intended to make an unequal allocation. However, because there is considerable inconsistency in the numbers and calculations, we remand to the trial court so that the trial court can either correct its numbers or make findings to explain its numbers.
The trial court also erred in the method it chose for equitable distribution of the marital personal property. In the Final Judgment, the trial court stated:

9. TANGIBLE PERSONAL PROPERTY: This court will use the Respondent's Exhibit #5 as an inventory list and value of the marital property not otherwise specifically referred to within this final judgment. The husband shall *1249 receive the four firearms that were purchased during the marriage with a value of $3400.00 and the painting valued at $500.00. The wife shall receive her jewelry with a value placed at $20,000.00. The remaining items in the Respondent's Exhibit #5 shall be divided as follows: The value of the vehicles awarded to the husband is $21,500.00. Added to it would be the painting of $500.00 and firearms of $3400.00 provides a total of $24,500.00 (sic). The wife shall receive her Ford valued at $15,000.00 and her jewelry valued at $20,000 for a total of $35,000. Consequently there is a difference of $10,500.00 that is due the husband. This difference shall be equalized by allowing the husband to select marital items amounting to $10,500.00 from the list on Respondent's Exhibit #5. The wife then shall select her choice from the list and they shall rotate from that point on. While the parties rotate the selection they must keep in mind the value of each item. It is the intent of this court that there is an equal financial division (not equal number of items) of the list, after giving credit to the husband for $10,500.00 worth of marital items reflected in Respondent's Exhibit #5 that is not already accounted for in this final judgment.
"The proper method of equitably dividing assets and liabilities in a dissolution of marriage case is regulated in detail by statute." Simmons v. Simmons, 979 So.2d 1063, 1064 (Fla. 1st DCA 2008). In part, section 61.075(3), Florida Statutes (2007) provides that "[t]he distribution of all marital assets . . ., whether equal or unequal, shall include specific written findings of fact as to" the "[i]dentification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset...."
On appeal, Husband takes issue with the method by which the trial court distributed part of Husband and Wife's personal property. Specifically, Husband writes:
The trial court divided the $48,500 in furniture, furnishings and appliances in the marital home place by providing that the parties alternatively select items from the Husband's personal property list (R. Ex. 5) after allowing the Husband to select items worth $10,500 ostensibly to equalize the equitable distribution. The parties did not agree to this method of distribution and this method has been reversed in Shea v. Shea, 572 So.2d 558 (Fla. 1st DCA 1991), and Burroughs v. Burroughs, 921 So.2d 802 (Fla. 1st DCA 2006). It does not provide necessarily for an equal distribution.
Husband adds that the problem with this method of distribution is that it provides no basis for appellate review.
We agree with Husband that the trial court erred because there were no specific findings for allocation of all of the personal property and no actual allocation. We accordingly remand for the trial court to make the distribution.
AFFIRMED in part; REVERSED in part; and REMANDED.
PALMER, C.J. and SAWAYA, J., concur.
NOTES
[1] We do not suggest that a different method of calculation of child support in this circumstance would not be appropriate or approved, only that no such alternative has been put forth in this case.