TAYLOR, J.
 

 In this appeal from a final judgment of dissolution, the father challenges the trial court’s calculation of child support and retroactive child support where custody of the three children was split between the two parents. We reverse and remand for recalculation of the child support.
 

 The final judgment provided that the parties’ two younger children would reside with the mother in Florida and that the oldest child would reside with the father in Ohio. The trial court awarded child support to the mother for the two children residing with her but did not award support for the minor child residing with the father. In the final judgment, the trial court made the following findings as to child support:
 

 Husband earns $2,894 net per month, and pays $160 per month for Jessica’s health insurance. Wife earns $2,340 net per month and pays $253 per month (( [$46 x 40] + [$100 x 12]) v 12) for Jack’s child care. The parties’ combined net incomes result in a basic support obligation for the three children of $2,000 per month. This basic support obligation is increased by the $160 paid by Husband monthly for Jessica’s health insurance and $190 paid monthly ($253 x .75) by Wife for Jack’s day care, for a
 
 total basic support obligation of $2,350.
 

 [1]
 

 Husband is responsible to Wife for 2/3 of his 55% of this obligation, subject to the $160 credit for Jessica’s health insurance, or $702.00.
 

 The father moved for rehearing, complaining that the trial court erred in calculating child support in this split custody arrangement because it provided no offset for any amounts that the mother would owe towards the care of the oldest child in the father’s custody.
 

 In addition, the father asserted that the trial court failed to award him retroactive child support for the minor child residing with him. The final judgment states, “Husband shall pay Wife retroactive child support of $4,872.47 for November 2008 through September 30, 2009,
 
 an amount agreed to by counsel.”
 
 According to the father, the trial court misinterpreted his counsel’s agreement regarding retroactive child support.
 

 The standard of review for a child support award is abuse of discretion.
 
 Karimi v. Karimi,
 
 867 So.2d 471, 473 (Fla. 5th DCA 2004). Although the child support guidelines set forth in section 61.30, Florida Statutes, do not address a split custody situation, where, as here, both parties earn income, it is an abuse of discretion not to award both parties child support.
 
 See Devereaux v. Devereaux,
 
 710 So.2d 1043 (Fla. 2d DCA 1998) (holding that in a split custody case where each parent had income and the father was ordered to pay support for the child in the mother’s custody, the trial court should have also required the mother to pay child support for the child in the father’s custody).
 

 In
 
 Devereaux,
 
 the second district noted that “[t]he general approach for setting child support in a split custody case is ‘the trial court first determines the total child support obligation and each child’s share of that obligation. Thereafter, the court determines the method of parental payment that gives each child his or her share while assuring that each parent pays no more than the proper percentage of the
 
 *892
 
 total support.’”
 
 Id.
 
 at 1043^44 (quoting
 
 Gingola v. Velasco,
 
 668 So.2d 1054, 1054 n. 1 (Fla. 2d DCA 1996)).
 

 In
 
 Kelley v. Kelley,
 
 987 So.2d 1246, 1248 (Fla. 5th DCA 2008), the fifth district agreed that the method of calculation proposed by the husband, which conformed with
 
 Devereaux
 
 and
 
 Gingola,
 
 was appropriate in that it allocated each child an equal amount of the total support ordered. The court stated that in a split custody situation, “Husband should pay his share of support of the child residing with Wife, less the amount Wife owes him for her share of the child residing with Husband.”
 
 Id.
 
 However, the court acknowledged this was not the only way to calculate support and that a different method for determining support could be chosen.
 
 Id.
 
 at 1248 n. 1.
 

 We have similarly ruled that, so long as each parent is required to pay his or her pro rata share of support, the trial court has discretion to determine how to calculate the split custody offset.
 
 Simpson v. Simpson,
 
 680 So.2d 1085, 1085-86 (Fla. 4th DCA 1996).
 
 [2]
 
 Because the trial court failed to calculate and award child support to the father for the child residing with him and to offset that from the amount of child support owed to the mother, we reverse and remand for the trial court to re-calculate the parties’ child support obligations and to identify the child support calculation method used.
 

 We affirm, however, on the issue of retroactive child support. As mentioned above, the trial court stated in the final judgment that counsel for the father had agreed to the amount of retroactive support being awarded. Without a transcript to support the father’s claim that the trial court misinterpreted his statement, we are unable to reverse on this point. However, on remand, the trial court can decide whether to revisit the issue of retroactive child support.
 

 Affirmed in
 
 pari,
 
 Reversed in part and Remanded.
 

 GERBER and LEVINE, JJ., concur.
 

 [1]
 

 . Neither party disputes that the trial court correctly derived this basic support obligation. The parties also agree that the father earns 55% of their combined net incomes.
 

 [2]
 

 . In a dissenting opinion, Judge Warner suggested that we adopt a uniform method of calculation to avoid different results depending upon the calculation method selected.
 
 Simpson,
 
 680 So.2d at 1088 (Warner, J., dissenting). She also suggested a methodology that would be more in keeping wilh the child support guidelines and recognize that "certain constant expenses of the custodial parent will be a part of child support no matter how many children are being supported.”
 
 Id.