# Third District Court of Appeal

## State of Florida

Opinion filed March 4, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0558
Lower Tribunal No. 21-DR-142-K

_____

**Jean Max Mathieu,**
Appellant,

vs.

**Department of Revenue, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Bonnie J. Helms, Judge.

Jean Max Mathieu, in proper person.

James Uthmeier, Attorney General, and Sarah C. Prieto, Assistant Attorney General (Fort Lauderdale), for Florida Department of Revenue.

Before GORDO, LOBREE and BOKOR, JJ.

GORDO, J.

Jean Max Mathieu appeals the trial court's ratification of the general magistrate's order in favor of Bedjine Mathieu. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm in part and reverse in part.

"The standard of review on a denial of a motion to vacate a final judgment is abuse of discretion." Silva v. de la Noval, 307 So. 3d 131, 134 (Fla. 3d DCA 2020). "We review a trial court's decision to accept or reject a general magistrate's report and recommendations for an abuse of discretion." Martinez-Olson v. Estate of Olson, 328 So. 3d 14, 18 (Fla. 3d DCA 2021) (quoting Lascaibar v. Lascaibar, 156 So. 3d 547, 549 n.1 (Fla. 3d DCA 2015)). "The standard of review for a child support award is abuse of discretion." Duncan v. Franklin, 349 So. 3d 502, 502 (Fla. 3d DCA 2022) (quoting McKenna v. McKenna, 31 So. 3d 890, 891 (Fla. 4th DCA 2010)). "A trial court's determination of a party's income for purposes of establishing support obligations must be supported by competent, substantial evidence." Id. "The trial court's decision to impute income is reviewed for abuse of discretion." Id. "Awards of retroactive child support are reviewed for an abuse of discretion." Id. at 502-03 (quoting Williams v. Gonzalez, 294 So. 3d 941, 945 (Fla. 4th DCA 2020)). "A trial court's interpretation and application of Florida law is reviewed *de novo*." Perez v. Maldonato, 324 So. 3d 1011, 1013 (Fla. 3d DCA 2021).

While Mathieu raises multiple errors regarding the magistrate's findings, we are precluded from reaching the merits on those issues where he has provided no transcript of the hearing below. "It is the responsibility and duty of the appellant to provide the appellate court with a record sufficient to review the matter assigned as error." S. Fla. Apartment Ass'n, Inc. v. Dansyear, 347 So. 2d 710, 711 (Fla. 3d DCA 1977). In the absence of such record, we must presume the trial court's ruling is correct. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error."); White v. White, 717 So. 2d 89, 90 (Fla. 3d DCA 1998) ("There is no transcript of the hearing in the record before us and we will not disturb the trial court's finding.").

Notwithstanding Mathieu's failure to provide this Court a transcript of the hearing, we vacate the trial court's order ratifying the magistrate's

3

establishment of a lien on his personal injury claim. The record is clear and both parties are in agreement that there has been no finding of delinquency or default of Mathieu's child support obligations. Florida law recognizes that retroactive support differs from child support arrears and that unless the obligor is overdue in making payment, retroactive support does not constitute delinquency. See Dep't of Revenue, Child Support Enf't ex rel. Harper v. Cessford, 100 So. 3d 1199, 1204 (Fla. 2d DCA 2012) ("[R]etroactive child support that is not otherwise overdue does not constitute a delinquency or meet the definition of 'past-due support'[.]"); Penalver v. Columbo, 810 So. 2d 563, 565-66 n.1 (Fla. 2d DCA 2002) ("[W]e note that it would have been improper for the circuit court to award prejudgment interest on the retroactive child support. The final judgment mischaracterized the retroactive support as an 'arrearage.' An arrearage occurs when a court orders support, but a party does not pay it. . . . The final judgment on appeal here was the first time a court ordered Penalver to pay any amount of child support; he had not failed to pay any previously-ordered sums. An award of prejudgment interest on the retroactive child support would have been erroneous."); Bailey v. Bailey, 851 So. 2d 286, 287 (Fla. 3d DCA 2003) ("To the extent the court referred to the past child support in the final judgment as an arrearage rather than retroactive child support, we agree. The distinction

4

between the two is significant . . . .  Unpaid child support accruing from an order requiring payment, an arrearage, is a vested right, not subject to modification.  Making a present award of child support retroactive, however, is discretionary with the trial court. . . .  Where, as here, the court never ordered the former wife to pay child support prior to the dissolution judgment, we vacate the arrearage award imposed against her for back child support.") (citation omitted).

Because Mathieu's retroactive child support was not overdue to create a delinquency, the trial erred in imposing a lien on the pending personal injury claim for the total amount of the retroactive support award, plus all future child support accrued.  See Mackoul v. Mackoul, 32 So. 3d 741, 742 (Fla. 1st DCA 2010) ("To the extent necessary to protect payment of . . . child support, the trial court may require the payor spouse to secure the award in appropriate circumstances to satisfy arrearages or to ensure the financial wellbeing of the family.  However, such a requirement may not be imposed absent special circumstances, such as . . . [an] obligor spouse in arrears on support obligations . . . . The trial court must set forth specific findings of special circumstances, the payor spouse's ability to afford the security, and whether the security exists only for arrearages, or alternatively, if the whole or a portion of the security is payable to the surviving family to minimize

economic harm.") (citations omitted). The Department of Revenue commendably concedes this error. Accordingly, we reverse the portion of the trial court's order ratifying the magistrate's establishment of a lien on Mathieu's personal injury claim.

Affirmed in part; reversed in part.