572 So.2d 558 (1990)
John Joseph SHEA, Husband, Appellant,
v.
Kathleen Thompson SHEA, Wife, Appellee.
No. 89-0121.
District Court of Appeal of Florida, First District.
December 26, 1990.
Rehearing Denied February 1, 1991.
Joel L. Goldman and Mary Beth Stephenson of Goldman, Presser & Nussbaum, Jacksonville, for appellant.
Gene T. Moss, Jacksonville, for appellee.
*559 PER CURIAM.
We affirm the trial court's award of the husband's interest in the jointly-owned marital home to the wife as lump sum rehabilitative alimony.[*] We also affirm the remaining provisions of the final judgment, as amended, with the exception of that portion requiring the parties to compile a list of unspecified items of personal property to be divided between them, with distribution to be made by them on a "pick and choose" basis. As to this portion of the final judgment, we find that such an award affords no basis for appellate review, thus requiring remand to the trial court for further consideration of the rights of the parties with respect to any items of personal property in the possession of either party at the time of final judgment as amended, as disclosed by the evidence of record, and not otherwise disposed of by the judgment and orders of the court.[1]
As the primary issue on appeal, the husband asserts that the trial court erred in awarding the entire interest in the marital home to the wife as lump sum rehabilitative alimony, when she did not specifically seek "lump sum" alimony in her petition for dissolution. We find no merit in this contention. The wife's petition specifically requested rehabilitative alimony, award of the marital residence as her sole property, and "equitable distribution" of the joint assets of the parties. The amended petition also alleged facts sufficient to establish the wife's special equity in the home property.
In McIntosh v. McIntosh, 432 So.2d 176 (Fla. 1st DCA 1983), this court held that a request for lump sum alimony need not be specifically pleaded and is encompassed within a claim for temporary and permanent alimony. See also, Abbe v. Abbe, 475 So.2d 206 (Fla. 1985). We know of no reason that a pleading for rehabilitative alimony should be governed by a different rule. Further, the husband has cited no authority proscribing a lump sum award in lieu of periodic rehabilitative alimony. Indeed, section 61.08(1), Florida Statutes, governing awards of alimony, expressly provides for an award of lump sum rehabilitative alimony. Accordingly, we find that it was unnecessary for the wife to specify "lump sum" in her claim for rehabilitative alimony. We further find no merit in the husband's argument that the award was erroneous because the wife did not in her petition specifically request the husband's interest in the home as rehabilitative alimony. The record discloses that the wife sought the home by way of equitable distribution, and alternatively claimed a special equity in one-half interest based upon her ownership of that interest prior to the marriage.
The husband takes issue with the trial court's award of rehabilitative alimony itself. We have reviewed this award in the light of all the evidence in the case and find no abuse of discretion in this ruling.
Although the testimony relating to the wife's intentions to pursue additional training in order to enhance her income does not delineate with precision the exact form and duration of her intended efforts, the record is not totally devoid of evidence supporting a need for rehabilitation in the usual sense of enabling or enhancing the ability of a spouse to become self-supporting. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); section 61.08(2)(e), Florida Statutes (1988). Even though a spouse is already employed, or employable,[2] an *560 award of rehabilitative alimony may also be justified as a "bridge-the-gap" measure, to aid the recipient in making the transition from a married to a single state. See, Iribar v. Iribar, 510 So.2d 1023 (Fla. 3d DCA 1987).
We find moot the husband's point regarding the trial court's award of possession of the marital home to the wife, pendente lite, and find no abuse of discretion in the court's order that the parties should bear their own costs and fees. We do note, however, that the court failed to make specific provisions for the payment of unpaid jointly-incurred debts as to which evidence was presented, and on remand the parties may make application to the court for further disposition in this respect.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
SMITH, ZEHMER and MINER, JJ., concur.
NOTES
[*] On the court's own motion, we issued an order to show cause requiring the parties to respond to a jurisdictional issue. Upon further consideration, we find the court has jurisdiction to entertain this appeal.
[1] The proposed method of distribution may be satisfactory for certain property, such as household goods, where the parties agree. The parties here did indicate in their testimony that they could make an amicable division, but only as to household goods, whereas the final judgment is not so limited.
[2] The wife was not employed at the time of the dissolution, although she had been employed during most of the marriage. The testimony of the parties was in conflict on the reason for her unemployment, the wife contending that it was at her husband's insistence that she quit work, while he contended that she had quit a series of jobs and did not desire employment.