951 So.2d 1017 (2007)
Kenneth W. WELCH, Appellant,
v.
Dedra D. WELCH, Appellee.
No. 5D06-1616.
District Court of Appeal of Florida, Fifth District.
March 23, 2007.
*1018 Richard Feinberg, Indialantic, for Appellant.
No Appearance for Appellee.
ORFINGER, J.
Kenneth W. Welch (the "former husband") appeals the trial court's final judgment dissolving his marriage to Dedra D. Welch (the "former wife"). The former husband claims that the trial court erred in granting the former wife permanent periodic alimony. We agree and reverse.
The parties' eleven-year marriage produced four children. The former wife, who was thirty-one years old and in good health at the time of the final hearing, was a stay-at-home mom and home schooled the parties' children. The former wife had previously worked as a registered nurse, but allowed her license to lapse after filing the dissolution action. The former wife testified that to work again as a registered nurse, she would have to take twenty-five hours of continuing education courses, an eight-hour CPR course, a refresher course that lasts several months, and her state boards. She testified that the only reason that she could not re-enter the workforce was her desire to home school the children. The former wife also testified as to the parties' standard of living during the marriage. She agreed that they had lived well beyond their means and that she had been *1019 forced to file for bankruptcy after running up thousands of dollars in credit card debt.
The former husband, who was thirty-five years old and in good health at the time of the final hearing, testified that he was employed as a program manager for Harris Corporation, earning a net income of approximately of $5,300 per month. He testified that during the marriage, he reluctantly agreed to home school the children, but, in light of the dissolution of the parties' marriage, felt that continued home schooling was no longer appropriate.
The final judgment ordered the former husband to pay $1,734.34 in child support each month in accordance with the child support guidelines. That sum is not challenged on appeal. The trial court also ordered him to pay permanent alimony in the amount of $1,350 per month. On appeal, the former husband argues that awarding permanent periodic alimony was error.
From its inception to the time of the filing of the petition for dissolution, the parties' marriage lasted eleven years. Florida courts have held that eleven-year marriages fall within the grey area between short-term and long-term marriages. See, e.g., Reynolds v. Reynolds, 668 So.2d 245 (Fla. 1st DCA 1996); Gregoire v. Gregoire, 615 So.2d 694 (Fla. 2d DCA 1992). In grey-area marriages, there is no presumption for or against permanent alimony. Escudero v. Escudero, 739 So.2d 688, 693 (Fla. 5th DCA 1999) (citing Zeigler v. Zeigler, 635 So.2d 50 (Fla. 1st DCA 1994)).
The purpose of permanent periodic alimony is to "provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties." Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980). In deciding whether to award permanent periodic alimony, the two primary elements that a trial court should consider are the needs of the spouse requesting alimony and the ability of the other spouse to pay. Id. Alimony should be based on a review of the factors set forth in section 61.08, Florida Statutes. Zeigler, 635 So.2d at 53.
As its sole basis for the permanent alimony award, the trial court found:
The parties mutually agreed that the [former wife] would not work and stay at home and home school the children and that is what has occurred during the marriage. The parties agree that it is in the best interest of the children that the [former wife] remain a stay at home [sic] mother and home school the children. The Court finds that although the [former husband] does have some reservations about home school, he ultimately agreed with the decision to home school the children.
Having carefully reviewed the record, we conclude that the trial court's finding that "the parties agree that it is in the best interest of the children that [former wife] remain a stay at home [sic] mother and home school the children" is not supported by competent substantial evidence. While there was clearly an agreement to that effect during the marriage, there was no such agreement after the parties separated. Although the former wife's goal of home schooling her children is laudable, many things change as a result of a marriage ending, and this may be one of them.
While several Florida courts have given great deference to marital agreements that one spouse stay at home and take care of the children,[1] we believe *1020 that section 61.08 requires the trial court, at a minimum, to consider the enumerated factors when making an alimony award, and also allows the court to "consider any other factor necessary to do equity and justice between the parties." An agreement to home school the children is a factor the court can consider in making an alimony award, but alone should not trump the other factors set forth in section 61.08.
The trial judge's sole reason for granting permanent periodic alimony to the former wife was the parties' pre-separation marital agreement that the former wife be a stay-at-home mom. Because we conclude that the trial court erred by placing exclusive emphasis on the former wife's desire to home school the children, we reverse the award of permanent alimony and remand for further consideration. In all other respects, we affirm the final judgment.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GRIFFIN and LAWSON, JJ., concur.
NOTES
[1] See Byers v. Byers, 910 So.2d 336 (Fla. 4th DCA 2005); Bender v. Bender, 363 So.2d 844 (Fla. 1st DCA 1978).