WOLF, J.
 

 Appellant, the former husband, challenges a final judgment of dissolution of marriage. Appellant raises four issues on appeal: whether the trial court erred in (1) awarding the former wife the majority of timesharing with the minor children; (2) ordering a timesharing schedule in the Final Judgment that conflicts with the time-sharing schedule attached as an exhibit to the Final Judgment; (3) awarding the former wife permanent periodic alimony without making any findings of fact; and (4) failing specifically to identify and value assets distributed in the Final Judgment.
 

 We affirm the award of the majority of the timesharing to the former wife without further comment. We find the Final Judgment is internally inconsistent as to the timesharing schedule and remand for clarification. We determine the failure to make factual findings as to the permanent periodic alimony precludes meaningful appellate review and reverse and remand. We also find the trial court erred in failing to distribute the furniture and jewelry, and in failing to address a request that certain assets be declared nonmarital. We affirm, however, the valuation of the parties’ bank accounts and travel trailer without further comment.
 

 On March 23, 2007, appellant filed a petition for dissolution of marriage. The petition stated the parties were married on November 4, 1995. The parties had two sons born on April 18, 1996, and February 25, 2002. Both parties sought primary residence for the children.
 

 On August 5, 2008, the trial court entered an order for temporary relief. The court found the former wife would be the primary residential parent, and appellant would have timesharing every other weekend and every other Monday.
 

 A hearing was held that spanned several days in September and October 2009. Appellant entered into evidence a pretrial catalog in which he stated the parties owned $8,000 in furniture and $10,000 in jewelry. He testified to each piece of furniture and its estimated worth. His estimated values totaled $21,800, but he testified he was willing to abide by the $8,000 amount he listed on his pretrial catalog. Appellant also testified as to each piece of jewelry and its estimated worth, He stated the former wife was in possession of most of the furniture and all of the jewelry.
 

 Appellant had several personal items that he wanted to be awarded: a blue and white quilt that his grandmother made for him; a Meucci pool cue stick that his father gave to him when he was 16; two guns given to him by his father and grandfather when he was a child, and two guns he bought for his sons.
 

 Appellant testified he earned $7,735.79 a month, and he lived paycheck to paycheck. He entered into evidence a financial affidavit in which he stated he had a deficit each month.
 

 The former wife entered into evidence her financial affidavit, dated March 18,
 
 *407
 
 2009. The affidavit stated she had no income aside from alimony and $3,990 in monthly expenses. She testified appellant had been paying $750 in alimony and $811 in child support a month pursuant to the temporary order, but it was insufficient.
 

 The former wife worked during the beginning of the marriage, but she quit to stay home with the children in May 2003. She was 37 years old and in good health, and she had her AA degree. Her last job was doing configuration management for engineers. She testified she had been unable to find such a job in her local area, but she was also applying in other areas. She estimated her salary would be $25,000 to $35,000. She was also applying for grants to return to school to become a teacher in the event she could not find a job in configuration management.
 

 Her financial affidavit reflected that the parties owned $10,000 worth of jewelry. She testified to each piece of jewelry and its value, and she stated she left it all at the parties’ rental house when she moved out. She also testified to each piece of furniture and household item, and she specified which items she took with her, left at the rental house, or were stored elsewhere.
 

 On January 20, 2010, the trial court entered a Final Judgment of Dissolution of Marriage. The court noted the temporary order gave appellant timesharing “every other weekend” and “every other Monday.” The court stated it adopted “the parenting plan attached and identified as Exhibit ‘A’ to this final judgment,” which gave appellant “visitation as ordered in the aforementioned temporary order.” The court also instructed the parties to abide by the Parenting Time Schedule attached as Exhibit C, which provided appellant timesharing “[ejvery other weekend,” but did not provide him timesharing every other Monday.
 

 The court awarded each party $5,000 in jewelry and $4,000 in furniture without specifying which personal property would be awarded to each spouse. Last, the court ordered appellant to pay $1,157 per month in child support and $1,000 a month in permanent periodic alimony. Appellant filed a motion for rehearing, raising, among other issues, the matters presently being challenged in this appeal.
 

 Inconsistencies Regarding Timesharing
 

 The Final Judgment is internally inconsistent. In the Final Judgment, the court specifically noted the temporary order awarded appellant timesharing “every other Monday,” and awarded appellant timesharing “as ordered in the aforementioned temporary order.” However, the court then stated timesharing was ordered pursuant to Exhibit C, the Parenting Time Schedule, which only provided for time-sharing every other weekend. Therefore, it is unclear from this order whether appellant is entitled to timesharing every other Monday.
 

 Thus, the trial court abused its discretion in entering an inconsistent award of timesharing.
 
 See Hornyak v. Hornyak,
 
 48 So.3d 858, 862-63 (Fla. 4th DCA 2010) (finding the trial court abused its discretion in a dissolution proceeding for imputing income to the former wife that was inconsistent with the court’s other findings). We remand for entry of a consistent order regarding timesharing.
 

 Permanent Periodic Alimony
 

 Section 61.08(1), Florida Statutes (2006) states, “In a proceeding for dissolution of marriage, the court may grant alimony to either party, which alimony may be rehabilitative or permanent in nature .... In all dissolution actions, the court shall include findings of fact relative to the factors enumerated in subsection (2)
 
 *408
 
 supporting an award or denial of alimony.” Subsection (2) provides:
 

 (2) In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including but not limited to:
 

 (a) The standard of living established during the marriage.
 

 (b) The duration of the marriage.
 

 (c) The age and the physical and emotional condition of each party.
 

 (d) The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each.
 

 (e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
 

 (f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
 

 (g) All sources of income available to either party.
 

 The court may consider any other factor necessary to do equity and justice between the parties.
 

 “In order to facilitate a meaningful appellate review of the trial court’s alimony determination, it is incumbent upon the trial court to include specific findings of fact regarding the factors enumerated in section 61.08(2)(a)-(g).”
 
 Geoghegan v. Geoghegan,
 
 969 So.2d 482, 485 (Fla. 5th DCA 2007) (citations omitted) (reversing an award of alimony where the court was “unable to reconcile how [the former wife’s need] was determined by the trial court” due to a lack of factual findings). “The financial needs of one spouse and the ability of the other spouse to pay are the primary factors for the trial court to consider,” and “the lack of adequate findings hampers meaningful appellate review.”
 
 Austin v. Austin,
 
 12 So.3d 314, 317-18 (Fla. 2d DCA 2009) (citations omitted). Furthermore, “Florida courts have held that eleven-year marriages fall within the grey area between short-term and long-term marriages. In grey-area marriages, there is no presumption for or against permanent alimony.”
 
 Welch v. Welch,
 
 951 So.2d 1017, 1019 (Fla. 5th DCA 2007) (citations omitted).
 
 See also Brathwaite v. Brathwaite,
 
 58 So.3d 398, 401 (Fla. 1st DCA 2011) (finding 14-year marriage fell into the “ ‘gray area’ where no presumption for or against alimony should be applied.’ ”).
 

 Here, in the Final Judgment, the trial court found, “[appellant] shall pay to the Wife the sum of $1,000 per month as permanent periodic alimony beginning February 1, 2010 and continuing on the 1st day of each and every month thereafter until the death of either party, the Wife’s remarriage, or further order of the Court.” The trial court clearly failed to include the factual findings required by section 61.08, and the failure to do so precludes meaningful review.
 

 Specifically, the court failed to make any findings concerning (1) the needs of the former wife; (2) appellant’s ability to pay; (3) the former wife’s need for permanent alimony; and (4) the former wife’s earning capacity. Thus, it is unclear how the trial court reached the amount of $1,000 a month, as in
 
 Geoghegan,
 
 969 So.2d at 485.
 
 See also Segall,
 
 708 So.2d at 987;
 
 Austin,
 
 12 So.3d at 317.
 

 Moreover, the parties had been married 11 years when appellant filed a petition for dissolution; therefore, this case falls into the “grey area” where there is no presumption for or against alimony.
 
 Welch,
 
 951 So.2d at 1019. Thus, the factual findings are particularly important here.
 
 Williams v. Williams,
 
 923 So.2d 606, 608 (Fla. 2d DCA 2006). The total lack of
 
 *409
 
 factual findings here precludes meaningful review. We reverse and remand for further findings.
 

 Failure to Identify, Value, and Distribute Assets
 

 Section 61.075(1), Florida Statutes (2006), requires the trial court “shall set apart to each spouse that spouse’s non-marital assets and liabilities, and in distributing the marital assets and liabilities between the parties, the court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors,” including factors set forth in subsections (a) through (j). Pursuant to section 61.075(3), where a dissolution is contested, “any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1).” Subsection (3) further requires,
 

 The distribution of all marital assets ... shall include specific written findings of fact as to the following factors:
 

 (a) Clear identification of nonmarital assets and ownership interests;
 

 (b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;
 

 (c) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability;
 

 (d) Any other findings necessary to advise the parties or the reviewing court of the trial court’s rationale for the distribution of marital assets and allocation of liabilities.
 

 § 61.075(3), Fla. Stat. (2006).
 

 Appellant argues the trial court abused its discretion in distributing the assets by (1) failing to award appellant his nonmari-tal assets; and (2) failing to identify specifically the furniture and jewelry to which he was entitled.
 

 1. Nonmarital Assets
 

 Appellant argues the trial court abused its discretion in failing to award him nonmarital personal property. In his motion for rehearing and on appeal, he argues he presented uncontroverted testimony that his grandmother’s blue and yellow quilt, a Meucci pool cue stick, and guns were nonmarital property. The former wife does not challenge his assertion that the items are nonmarital, but she argues the court was not required to award them to appellant because she testified he was already in possession of these items.
 

 In
 
 Pridgeon v. Pridgeon,
 
 632 So.2d 257, 259-60 (Fla. 1st DCA 1994), the trial court failed to award a former wife a refrigerator and freezer she acquired prior to the marriage that were in the former husband’s possession. The husband did not dispute that the items were nonmarital, but argued she had not proven that he refused to return the items to her, and the matter was “too trivial to be reviewed.”
 
 Id.
 
 at 260. This court found section 61.075 “makes no exception for either appliances or assets deemed by one spouse to be not worthy of taking up the court’s time,” and directed the trial court to award the items to the former wife on remand.
 
 Id.
 

 Here, appellant correctly argues he presented evidence that the pool cue, guns from his father and grandfather, and quilt were given to him prior to the marriage. It is noted that the former wife argues the trial court was not required to award the items as nonmarital because she testified she did not have them. However, in
 
 Pridgeon,
 
 632 So.2d at 259-60, this court rejected a similar argument that the former wife was not entitled to be awarded her nonmarital property because she had not
 
 *410
 
 proven the former husband was unwilling to return it to her. Under section 61.075(5), Florida Statutes (2006), property acquired prior to the marriage or by gift is nonmarital, regardless of where it is currently stored. Therefore, we reverse and remand for the trial court to address appellant’s request for these items to be awarded as nonmarital.
 

 2. Furniture and Jewelry
 

 Appellant argues the trial court erred in failing to distribute the parties’ furniture and jewelry, instead awarding each party $4,000 worth of furniture and $5,000 worth of jewelry generally. Appellant argues this failure makes him unable to determine which items he is entitled to recover from the former wife, who took most of the items. The former wife responds that she testified she did not take all of the furniture, and she did not take any of the jewelry, and the trial court was entitled to rely on her testimony.
 

 The court’s distribution of furniture and jewelry lacked the specific factual findings required by section 61.075(3), including the “[ijdentification of marital assets,” the “designation of which spouse shall be entitled to each asset,” and “[a]ny other findings necessary to advise the parties or the reviewing court of the trial court’s rationale.”
 

 In
 
 Kelley v. Kelley,
 
 the Fifth District reversed where a trial court “divided the $48,500 in furniture, furnishings and appliances in the marital home by providing that the parties alternatively select items from the Husband’s personal property list.” 987 So.2d 1246, 1249 (Fla. 5th DCA 2008). The former husband argued this assignment was in error because it was not agreed to by the parties and precluded appellate review.
 
 Id.
 
 The Fifth District agreed, finding the trial court “erred because there were no specific findings for allocation of all of the personal property and no actual allocation.”
 
 Id.
 

 Similarly in
 
 Shea,
 
 this court reversed the portion of a dissolution final judgment “requiring the parties to compile a list of unspecified items of personal property to be divided between them, with distribution to be made by them on a ‘pick and choose’ basis.”
 
 Shea v. Shea,
 
 572 So.2d 558, 559 (Fla. 1st DCA 1990). This court reasoned, “such an award affords no basis for appellate review, thus requiring remand to the trial court for further consideration of the rights of the parties with respect to any items of personal property in the possession of either party at the time of final judgment as amended, as disclosed by the evidence of record, and not otherwise disposed of by the judgment and orders of the court.”
 
 Id.
 
 The court distinguished that this “method of distribution may be satisfactory for certain property, such as household goods, where the parties agree.”
 
 Id.
 
 at n. 1.
 
 See also Burroughs v. Burroughs,
 
 921 So.2d 802, 804 (Fla. 1st DCA 2006) (reversing a dissolution judgment, finding “the lower court erred in directing the parties to divide their furniture and household items, despite the wife’s request for the trial court to make such division in its judgment of dissolution”).
 

 Here, however, the parties did not agree to divide the items between themselves. The former wife offered such a division, but appellant objected. Thus, pursuant to
 
 Kelley
 
 and
 
 Shea,
 
 the trial court erred in failing to distribute the parties’ furniture and jewelry.
 

 Upon review of the record, it seems there is sufficient evidence for the trial court to make this determination. The parties presented evidence as to the identity and value of the furniture and jewelry in their pretrial catalogs and trial testimony. We, therefore, reverse and remand
 
 *411
 
 for the court to distribute the furniture and jewelry.
 

 In all other respects, the trial court’s decision is affirmed.
 

 AFFIRMED in part, REVERSED and REMANDED in part.
 

 LEWIS and WETHERELL, JJ., concur.