PER CURIAM.
Appellant, Craig J. Naylor, appeals a final judgment of dissolution of marriage and raises three issues on appeal, only one of which merits discussion and reversal. We agree with Appellant that the trial court’s $20,000 valuation of his tools for purposes of equitable distribution is not supported by competent, substantial evidence. The only evidence as to what tools had been accumulated during the marriage came from Appellant, who valued them at $100 in his deposition testimony and at $500 during the dissolution hearing. Although Appellee, Kendra O. Naylor, assigned a $20,000 value to “Mise. Tools” in her financial affidavit when listing marital assets, she acknowledged during the dissolution hearing that that was a “blanket statement ... with no specifics.” She further acknowledged that she had no written documentation showing what tools the couple had, and she gave no testimony regarding any specific tools.
Based upon the foregoing, we reverse the final judgment as to the trial court’s $20,000 valuation of the tools and remand the case for further proceedings as to this issue. See Lassett v. Lassett, 768 So.2d 472, 474 (Fla. 2d DCA 2000) (holding that the trial court erred in valuing the wife’s jewelry at $10,000 and distributing that amount to her as part of her share of marital assets where the only testimony as to the value of the jewelry came from the husband and concluding that the husband’s “unsupported opinion as to the value of the jewelry that was not definitively described is not sufficient to warrant the distribution of that amount to the wife”); see also Justice v. Justice, 80 So.3d 405, 407-10 (Fla. 1st DCA 2012) (noting that the former wife’s financial affidavit reflected that the parties owned $10,000 worth of jewelry and that she testified regarding “each piece of jewelry and its value” and “each piece of furniture and household item,” holding that the trial court erred in failing to distribute the parties’ furniture and jewelry, and explaining that because the parties presented evidence as to the identity and value of the furniture and jewelry “it seems there is sufficient evidence for the trial court to make this determination”). Cf. Noone v. Noone, 727 So.2d 972, 974-75 (Fla. 5th DCA 1998) (rejecting the husband’s argument that the assignment of $10,000 worth of furniture and furnishings was unsupported by competent evidence where the wife introduced photographs of the furniture and her financial affidavit valued the furniture at $10,000).
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
LEWIS, C.J., BENTON and SWANSON, JJ., concur.