NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ZACKERY L. STOKES,                          )
                                            )
            Appellant,                      )
                                            )
v.                                          )          Case No. 2D16-225
                                            )
SAKEENAH A. STOKES,                         )
                                            )
            Appellee.                       )
_____    )

Opinion filed February 8, 2017.

Appeal from the Circuit Court for
Hillsborough County; Nick Nazaretian,
Judge.

David L. Hurvitz of Law Office of David
Hurvitz, P.A., Tampa, for Appellant.

Sakeenah A. Stokes, pro se.


VILLANTI, Chief Judge.

        This is an appeal of an order entered in two parts, two weeks apart.  In the

first part, an order modifying final judgment, the trial court engaged in the required

statutory analysis and made detailed findings of fact concerning the issues raised in

competing petitions for modification of a parenting plan.  This order would ordinarily be

affirmed as it is supported by competent substantial evidence.  However, the second

order, an order modifying parenting plan and timesharing schedule, purports to award the Former Wife relief which is at odds with the first order. Inasmuch as the trial court prepared both parts of the order and denied rehearing without placing its rationale on the record, we are unable to resolve these inconsistencies from the face of the record. Hence, we must reverse and remand for further proceedings for the trial court to enter an order that is consistent throughout. See Sedky v. Ibrahim, 41 Fla. L. Weekly D2665 (Fla. 4th DCA Nov. 30, 2016) (remanding for clarification of the final judgment and parenting plan due to inconsistent statements); see also Justice v. Justice, 80 So. 3d 405, 407 (Fla. 1st DCA 2012) (remanding for entry of a consistent order regarding timesharing).

Reversed and remanded with instructions.

KELLY and WALLACE, JJ., Concur.