DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

A.A.,

Appellant,

v.

D.W.,

Appellee.

No. 2D20-234

_____

September 3, 2021

Appeal from the Circuit Court for Hillsborough County; Cecelia
Moore Wilhite, Associate Senior Judge.

Allison M. Perry of Florida Appeals, P.A., Tampa, for Appellant.

No appearance for Appellee.

KHOUZAM, Judge.

A.A., the Mother, timely appeals a final judgment of paternity.

Because the final judgment is internally inconsistent on its face, we

reverse and remand for the trial court to enter an amended final judgment correcting the inconsistencies.

D.W., the Father, filed a petition to determine paternity of the parties' minor child. Both parties filed competing proposed parenting plans. Following a hearing, the circuit court entered the final judgment of paternity, which incorporated and attached a parenting plan as well as a child support guidelines worksheet. The Mother moved for rehearing, pointing out that the findings in the final judgment conflicted with the incorporated parenting plan, but the motion was denied. She then filed this appeal.

As a threshold issue, we note that the Mother has not provided a transcript of the final hearing. "[T]he failure to provide either a transcript or proper substitute for one, such as a reconciliation of the facts by the parties and trial court judge, is usually fatal." *Casella v. Casella*, 569 So. 2d 848, 849 (Fla. 4th DCA 1990) (citing *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150 (Fla. 1979)). However, this principle does not control where reversible error is apparent on the face of the judgment. *Id.*; *see Soto v. Soto*, 974 So. 2d 403, 404 (Fla. 2d DCA 2007) (acknowledging "that even

where the appellant fails to provide a transcript, the absence of a transcript does not preclude reversal where an error of law is apparent on the face of the judgment" (quoting *Chirino v. Chirino,* 710 So. 2d 696, 697 (Fla. 2d DCA 1998))). "Despite an inadequate record, 'when the error appears on the face of the judgment, it should be corrected.' " *Bell v. Broch,* 230 So. 3d 1252, 1254 (Fla. 4th DCA 2017) (quoting *Larocka v. Larocka,* 43 So. 3d 911, 913 (Fla. 5th DCA 2010)).

Moreover, an internal inconsistency in a final judgment may warrant reversal and remand for clarification. *See Stokes v. Stokes,* 210 So. 3d 242, 243 (Fla. 2d DCA 2017) (reversing and remanding "for further proceedings for the trial court to enter an order that is consistent throughout"); *Couture v. Couture,* 313 So. 3d 1206, 1206 (Fla. 1st DCA 2021) (reversing "[b]ecause the amended final judgment is internally inconsistent on the award of timesharing"); *Justice v. Justice,* 80 So. 3d 405, 407 (Fla. 1st DCA 2012) (remanding for entry of consistent timesharing order where final judgment and incorporated parenting time schedule conflicted, making the timesharing schedule unclear).

Here, the final judgment is internally inconsistent on its face because the court's written findings set forth in the judgment conflict with the incorporated parenting plan. The final judgment states:

> The parties are awarded Shared Parental Responsibility for their minor child, with the Mother having ultimate decision making as it relates to decisions affecting the minor child's medical/health, as per the Court's final parenting plan attached hereto as Exhibit 'A.' The parties shall practice that timesharing schedule going forward, as listed in the attached parenting plan, with the Respondent/Mother having majority timesharing with the subject minor child.

(Emphasis added.) The attached parenting plan, in contrast, provides for equal timesharing and shared parental responsibility to make major decisions regarding the child's healthcare, without mentioning ultimate decision-making authority. The child support guidelines worksheet attached to the final judgment also indicates an equal timesharing arrangement. Accordingly, we must reverse and remand for the trial court to clarify these inconsistencies and enter an amended final judgment and parenting plan that are consistent with each other. On remand, the trial court should also

4

revisit the child support award to ensure that it is consistent with the amended final judgment and parenting plan.

Reversed and remanded with directions.

MORRIS, C.J., and LABRIT, J., Concur.

_____

Opinion subject to revision prior to official publication.